**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Alexandria Division

| | |
|---|---|
| **JUUL LABS, INC.,**<br><br>      **Plaintiff,**<br><br>v.<br><br>**THE UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE A,**<br><br>      **Defendants.** | Civil Action No. 1:19-cv-00715 |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE UNDER SEAL AND/OR REDACTED DOCUMENTS FOR GOOD CAUSE**

Pursuant to Local Civil Rule 5, Plaintiff Juul Labs, Inc., by counsel, submits this Memorandum of Law in Support of its Motion for Leave to File Under Seal and/or Redacted Documents for Good Cause. Plaintiff seeks to file a redacted version of the following documents and/or temporarily file the following documents under seal: (1) Schedule A to the Complaint, which includes a list of Defendant Internet Stores; (2) Exhibit 2 to the Complaint, which contains screenshots of Defendants' Internet Store listings; (3) Exhibit 3 to the Complaint, which contains screenshots of the Defendants' Internet Store payment pages; and (4) Plaintiff's memorandum of law in support of its *ex parte* motion for a temporary restraining order including temporary asset restraint and expedited discovery. Plaintiff seeks to seal these documents until the temporary restraining order has been served on the relevant parties and the assets have been restrained by PayPal. After the requested actions have been taken, Plaintiff will move to unseal these

documents.

In determining whether to seal a document, courts look to whether "competing interests outweigh the interest in access." *U.S. ex rel Carter v. Halliburton Co.*, No. 1:10CV864 JCC/TCB, 2011 WL2077799, at *1 (E.D. Va. May 24, 2011). Courts frequently seal documents in trademark counterfeiting and infringement cases to preclude the defendant from learning of the case until its assets can be restrained or seized. *See, e.g., Chanel, Inc. v. Bestbuyhandbag.com*, No, 14-62191-CIV, 2014 WL 7185382, at *4 (S.D. Fla. Dec. 16, 2014) (court filed TRO under seal and directed PayPal to restrain defendant's funds); *Klipsch Grp., Inc. v. Big Box Store Ltd.*, No. 12 CIV. 6283 AJN, 2012 WL S265121, at *1 (S.D.N.Y. Oct. 24, 2012) (Court "granted Plaintiffs request to file the Complaint under seal... so that Plaintiff could obtain certain ex parte remedies as provided by the Lanham Act without providing the defendants, alleged to be counterfeiters, with an opportunity to destroy any infringing goods or abscond with any ill-gotten profits"); *Lorillard Tobacco Co. v. Amana Oil, Inc.*, No. 10-13296, 2011 WL 2669466, at *2 (E.D. Mich. July 7, 2011) (court temporarily sealed documents related to ex parte seizure of counterfeit cigarettes); *Sony Computer Entm't Am., Inc. v. Gamemasters*, 87 F. Supp. 2d 976, 978 (N.D. Cal. 1999) (court sealed motion papers related to request for TRO and seizure of counterfeit goods); *Universal City Studios, Inc. v. Ahmed*, No. CIV. A. 93-3266, 1993 WL 429099, at *1 (E.D. Pa. Oct. 20, 1993) (explaining that case file was sealed "to preserve secrecy while the plaintiffs recovered the counterfeit" goods).

Plaintiff has a strong interest in preventing Defendants from discovering the existence of the suit. Plaintiff has moved for a temporary asset restraint. If the documents identified above are not redacted or filed under seal, Defendants will receive notice that their assets are at risk and will have an incentive to move them beyond the jurisdiction of this and other U.S. courts before

they can be restrained. Plaintiff will suffer irreparable harm if Defendants are able to transfer their assets in this manner. Accordingly, Plaintiff has a strong interest in temporarily sealing the above referenced documents, and this interest substantially outweighs the general interest in access to court records.

The Court may seal documents if it (1) provides public notice of the request to seal and allows a reasonable opportunity to object, (2) considers less drastic alternative measures, and (3) provides specific reasons and findings for its decision to seal the documents and for rejecting alternative options. *Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000). By this motion, the public is provided notice of the request to seal and an opportunity to object to the request. Plaintiff only seeks to seal the above-identified documents temporarily. No less drastic alternative is available to prevent Defendants from learning of this suit and transferring their assets away from PayPal and out of the Court's reach before they can be restrained.

Accordingly, Plaintiff respectfully requests leave to temporarily file under seal and/or file redacted versions of the following documents: (1) Schedule A to the Complaint; (2) Exhibit 2 to the Complaint; (3) Exhibit 3 to the Complaint; and (4) Plaintiff's memorandum of law in support of its *ex parte* motion for a temporary restraining order including temporary asset restraint and expedited discovery.

Date:  June 4, 2019                               Respectfully submitted,

/s/ Monica Riva Talley
Monica Riva Talley (VSB No. 41840)
Byron Pickard (VSB No. 47286)
Dennies Varughese, Pharm.D. (*pro hac pending*)
Nirav N. Desai (VSB. No. 72887)
Nicholas J. Nowak (*pro hac pending*)
Daniel S. Block (*pro hac pending*)
STERNE KESSLER GOLDSTEIN & FOX, PLLC
1100 New York Ave., N.W., Suite 600
Washington, DC 20005-3934
Telephone No.: (202) 371-2600
Facsimile No.: (202) 371-2540
mtalley@sternekessler.com
bpickard@sternekessler.com
dvarughe@sternekessler.com
ndesai@sternekessler.com
nnowak@sternekessler.com
dblock@sternekessler.com

*Attorneys for Plaintiff*