**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

---

**JUUL LABS, INC.,**

             **Plaintiff,**

**v.**

**YASER AHMED, GREG HILLHOUSE, PANTELEY
NIKOLOV, MIN ZHANG (敏 张), DANIEL WHITE,
WENJIANG MAI, DONG DONG WANG (东东 王),
ARTHUR BERNARD, MARK DERIAS, KEVIN
SULLIVAN, ANTONIO CRESSOTTI, RUSSELL
MCGOWAN, ZHENYU ZHU, LIAN CUI JIANG (莲翠
蒋), XIAO HUA WANG (小华 汪), ROY WALKER,
YERVAND SETOYAN, GREG WILSON, EMAN
GHALY, HAI YAN XIANG (海艳 项), JORDAN
HORST, MYRON DOYLE, BENZ TRAN, DENNIS
HAMMER, JIAQI CHEN, DUY TRAN, ANGELENE
QUIMBAYA, KENNETH BUSS, PENG LIN (鹏 林)
IVAN ZAMBAROV, APRIL CASELLA, NIKOLAY
ZANBAROV, TRACY WISBY, MERVAT
ABOULAYLA, NOAH MARTANO, NICOLE
EGDORF, JOSIF LEITNER, HARLEN NAPPI,
ROBERT RULE, MINGHUA HUANG, SARAH
GRIFFITH, JACOB COLEMAN, SLADE HANSON,
ALEJANDRO PIEDRA, CHRISTY VASQUEZ, HUI QI
LIN (辉棋 林), WENBO LEI, MARCIO DIAZ, ALI
TOY, JESSE LAZAR, SIBEL TOY, NIDAL
HAMAYEL, IMAD RIHAN, ZAHEY SAMEEH,
JASON KIM, FREDERICK ROESEL, YAN XIONG,
BOBBY TAYLOR, CAROL PRINE, JIAWEI HUANG,
DARIO VASQUEZ, KENGATE LEEN, JORDAN
MCLEOD, KYLE JACKSON, KYLE PATTERSON,
KIMBERLY STRATOS,**

             **Defendants.**

---

**Civil Action No.  1:19-cv-00715**

1

<u>**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ORDER**</u>
<u>**AUTHORIZING SERVICE OF PROCESS BY EMAIL AS TO CERTAIN DEFENDANTS**</u>

Plaintiff Juul Labs, Inc., ("Plaintiff" or "JLI"), submits this memorandum of law in support of its instant motion for leave to effect substituted service on certain foreign Defendants located in China. After obtaining discovery from PayPal, Plaintiff learned that 9 of the Defendants in this case are foreign businesses ostensibly located in China actively engaged in counterfeiting operations.  In order to carry on their illicit business, these foreign Defendants take numerous precautions, including actively concealing their real identities and physical addresses.  As a result, Plaintiff has been unable to determine identities and actual physical whereabouts of these foreign Defendants in order to effectively complete service of process. Plaintiff has, however, verified that these foreign Defendants conduct business via known email addresses. Accordingly, Plaintiff respectfully requests authorization to serve the foreign Defendant businesses electronically via email.

## I.     INTRODUCTION

JLI is a pioneer in Electronic Nicotine Delivery Systems (*i.e.*, "ENDS") and related technologies, having spent years and invested millions of dollars to develop and introduce into the market in 2015 its branded, innovative, and breakthrough ENDS product. The JUUL-branded system features a unique appearance and distinctive package design. These unique features differentiate JUUL both visually and aesthetically from others in its category. As is the case with many successful brands, JLI has become aware of significant trademark infringement and counterfeiting problems in the United States and around the world.

Defendants in this case are engaged in an expansive counterfeiting operation that relies on online sales using online marketplaces such as eBay ("the Defendant Stores") to sell counterfeit JLI goods by the thousands. *See* Complaint [ECF 1], ¶¶ 20–25; *see also* First

2

Amended Verified Complaint [ECF 43], ¶¶ 20, 87-90. Defendants accept payment via PayPal on eBay. On June 7, 2019, this Court issued an order allowing Plaintiff to obtain limited discovery from eBay sufficient to learn the identifies of the Defendants as well as any name, email address, telephone number, PayPal account, or other payment accounts associated with such eBay accounts. [ECF 20]. As a result of the discovery received from PayPal, Plaintiff has discovered that 9 of the Defendants identified in their initial Complaint appear to be located in China.  These defendants are identified below:

**TABLE 1:**

| No. | Defendant's eBay ID | Defendant's Name | PayPal email address |
|---|---|---|---|
| 4 | qiaotianping-zhengmeixinxi | Min Zhang (敏 张) | qtp_misszhang@outlook.com shiyan0227@outlook.com qtp_misszhang@hotmail.com |
| 5 | miss_zhang | | |
| 7 | Vapingpit | Wenjiang Mai | maiwenjiang@hotmail.com misszhanglink2mwj@outlook.com qtplink2mwj@outlook.com |
| 8 | savings4u168 | Dong Dong Wang (东东 王) | wangpaul668@gmail.com |
| 15 | kytech2016_0 | Lian Cui Jiang (莲翠 蒋) | kytech2016@163.com |
| 16 | szeminhhangy | Xiao Hua Wang (小华 汪) | wangxiaohua588@outlook.com xiaohuawang588@outlook.com wxhua188@outlook.com |
| 22 | tyijiafkju | | |
| 68 | yanshifu482 | | |
| 24 | red-cherry2018 | Hai Yan Xiang (海艳 项) | cherry-xiang@outlook.com |
| 33 | talfangkoyu | Peng Lin (鹏 林) | penglin188@outlook.com |
| 53 | wanyancai559 | Hui Qi Lin (辉棋 林) | linhq888@hotmail.com |
| 54 | wenwen996_4 | Wenbo Lei | wenwen996@aliyun.com |

Despite the fact that the identified Defendants appear to live in China, their eBay storefronts list the counterfeit products that they sell as coming from the U.S. *See* Declaration of Monica Riva Talley (the "Talley Decl.") ¶ 8. In fact, the shipping addresses associated with the

3

test buys performed by Plaintiff from these particular Defendants indicate that many of their products were shipped from the same U.S. warehouse. *See id.* Given such contradictory information, and despite its efforts, Plaintiff has been unable to confirm the names or specific locations of the foreign Defendants that are the subject of this motion. *See generally id.* This is not surprising, because counterfeiters like Defendants generally take substantial steps to conceal their identities, including operating under aliases and providing false mailing addresses and phone numbers. *See id.* ¶¶ 7–8. However, given that Defendants conduct their illicit business solely over the Internet using email and other electronic communications to complete their illicit sales, it is highly likely that the email addresses associated with Defendants are both currently in use and accurate. *See id.* ¶¶ 12-13. In fact, a working email address is a necessary prerequisite to opening and operating a PayPal account. *See id.* ¶ 12. As a result, Plaintiff submits that providing notice to these 9 identified Defendants via email, in addition to any notice that these Defendants will receive from PayPal regarding the status of their accounts if and when the temporary restraining order (filed concurrently with the Complaint in this action) has been entered, is reasonably calculated under the circumstances to apprise Defendants of the pendency of this action and afford them the opportunity to present their objections. In fact, email may be the only reliable way to provide such notification. Accordingly, Plaintiff seeks leave of court to serve the Complaint via email on the 9 Defendants identified above in Table 1, who appear to be residents of China, pursuant to Fed. R. Civ. P. 4(f)(3). Absent the ability to serve Defendants in this manner, Plaintiff will almost certainly be left without the ability to pursue a final judgment.

## II.      BACKGROUND

Defendants run a sophisticated counterfeiting operation, and are doing business with Virginia residents by selling counterfeit JLI products through online marketplaces, such as eBay.

4

*See* ECF 1 and 43, ¶ 20. The Defendant Stores share unique identifiers, such as design elements, product photographs, trade channels, similarities in price, similarities in the description of the goods offered, and similarities in the counterfeit products offered for sale, establishing a logical relationship between them. *See* ECF 1, ¶¶ 21, 25, 31, 36; *see also* ECF 43, ¶¶ 87, 90, 96, 101; and Exhibit 2 to Complaint. Further, Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their counterfeiting operation. *See id.*; *see also* Talley Decl. ¶¶ 8. In fact, it is likely these Defendant businesses in this case have no physical business location whatsoever. *See id.* ¶ 10.

Prior to pursuing the present Action, Plaintiff conducted an extensive investigation into Defendants, including performing test buys of Defendants' goods to ensure they were counterfeit. Through this investigation, Plaintiff was unable to determine valid addresses or locations for any of the Defendants due, at least in part, to the purposeful concealment of their identity and location. *See id.* ¶ 10 Pursuant to this Court's Order, Plaintiff obtained limited discovery from eBay sufficient to learn the identities of the Defendants as well as other identifying information associated with their eBay accounts. *See id.* ¶ 11. As a result of the discovery received from PayPal, Plaintiff discovered that 9 of the Defendants identified in their initial Complaint (*see* Table 1, supra) appear to be located in China. *See* Talley Decl. ¶ 11.

Despite the fact that these 9 Defendants appear to live in China, their eBay storefronts list the counterfeit products that they sell as coming from the U.S. *See id.* ¶ 11.  In fact, the shipping addresses associated with the test buys performed by Plaintiff from these particular defendants indicate that many of their products were shipped from the same U.S. warehouse.  As a result of what appears to be purposeful concealment of their identities and physical locations, Plaintiffs

have been unable to confirm with any reasonable accuracy the actual identities and locations of these 9 China-based Defendants.

This purposeful concealment by these Defendants of their identities and physical locations is also consistent with previous cases where the undersigned counsel has represented plaintiffs in anti-counterfeiting cases. *See id.* ¶¶ 9, 12-17. One common tactic used by counterfeiters is to employ return addresses that are nothing more than post office boxes or even vacant lots. *See id.* ¶ 17. In fact, the undersigned counsel has also uncovered cases of counterfeiters using stolen identities while pursuing these types of anti-counterfeiting investigations. *See id.* ¶ 15. Indeed, other cases in this District have shown that these types of foreign counterfeiting defendants go to great lengths to conceal their identities and physical locations to shield their counterfeit operations. *See Juul Labs, Inc. v. Unincorporated Ass'ns*, Case No. 1:18-cv-01516-LO-IDD [ECF 24] (E.D. Va. Dec. 10, 2018) (granting a similar motion for service by email), *Juul Labs, Inc. v. Unincorporated Ass'ns*, Case No. 1:18-cv-01287-LO-IDD [ECF 22] (E.D. Va. Oct. 16, 2018) (same), *Juul Labs, Inc. v. Unincorporated Ass'ns*, Case No. 1:18-cv-01207-LO-IDD [ECF 21] (E.D. Va. Sept. 26, 2018) (same), *Juul Labs, Inc. v. Unincorporated Ass'ns*, Case No. 1:18-cv-01063-LO-IDD [ECF 22] (E.D. Va. Sept. 11, 2018) (same), *Volvo Car Corp. v. Unincorporated Ass'ns*, Case No. 1:18-cv-00977-LO-IDD [ECF 26] (E.D. Va. Aug. 31, 2018) (same), *Volkswagen AG et al. v. Unincorporated Ass'ns, et al.*, Case No. 1:17-cv-00970 [ECF 42] (E.D. Va. Nov. 21, 2017) (granting a similar motion for service by email or publication), *Volkswagen AG et al. v. Unincorporated Ass'n, et al.*, Case No. 1:17-cv-001413 [ECF 54] (E.D. Va. May 11, 2018) (same); *see also* Talley Decl. at ¶¶ 12–17.

For at least these reasons, it would be nearly impossible for Plaintiff to track down and serve the 9 China-based Defendants identified in Table 1 in-person via the Hague or otherwise.

The only effective and practical solution is to serve Defendants via email. Counterfeiters who accept payment via PayPal must provide a valid email address to their customers in order to complete the purchase. *See* Talley Decl. ¶ 12. Moreover, it is necessary for merchants, such as Defendants, who operate entirely online, to ensure they can communicate with customers electronically. As such, it is far more likely that Defendants can be served electronically than through traditional service of process methods. In fact, in past cases filed by the undersigned counsel, this method of service has proven particularly effective. *See id.* ¶¶ 12-13. On average, once notified via email by either Plaintiff's counsel or PayPal, typically 80% or more of Defendants contact counsel to settle the case. *See id.* ¶ 13-14.

## III. ARGUMENT

In this case, Plaintiff seeks leave to serve the foreign Defendants identified in Table 1, above, using the email addresses that Defendants provided to open and use their respective PayPal accounts.

### A.    This Court Is Empowered to Authorize Service Via Electronic Mail.

Fed. R. Civ. P. 4(f) governs service of process upon individuals in foreign countries and provides three mechanisms of service:

(1)    by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents; or

(2)    if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice: […] or

(3)    by other means not prohibited by international agreement, as the court orders.

Importantly, Rule 4 does not require that a party attempt service of process by other methods enumerated in Rule 4(f) before petitioning the court for alternative relief under Rule

7

4(f)(3). *See Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014–1015 (9th Cir. 2002). As the *Rio Props.* Court explained, Rule 4(f) does not create a hierarchy of preferred methods of service of process. *Id.* at 1014. To the contrary, the plain language of the Rule requires only that service be directed by the court and not be prohibited by international agreement. *See id.*; *see also BP Prods. N. Am., Inc. v. Dagra*, 236 F.R.D. 270, 271 (E.D. Va. May 31, 2006) (holding service of process by publication in Pakistani newspapers was appropriate and stating that "[t]he Court is afforded wide discretion in ordering service of process under Rule 4(f)(3)"); *In re Int'l Telemedia Assocs., Inc.*, 245 B.R. 713 (Bankr. N.D. Ga. 2000) (authorizing service by facsimile, e-mail, and mail to the defendant's last known address); *Smith v. Islamic Emirate of Afghanistan*, 2001 WL 1658211 (S.D.N.Y. 2001) (authorizing service by alternative methods under Fed. R. Civ. P. 4(f)(3)). Notably, many courts have held that "nothing in Rule 4(f) or its advisory committee notes indicates that court-directed service under Rule 4(f)(3) is 'extraordinary relief.'" *Forum Fin. Grp., LLC v. President & Fellows of Harvard Coll.*, 199 F.R.D. 22, 23 (D. Me. 2001).

Numerous jurisdictions, including this Court, have granted requests to serve by email.[1] In granting service by email, courts have found that email service has the "greatest likelihood" of

---

[1] *See Volkswagen AG et al. v. Unincorporated Ass'n, et al.*, Case No. 17-cv-00970 (E.D. Va. Aug. 29, 2017); *Volkswagen AG et al. v. Unincorporated Ass'n, et al.*, Case No. 17-cv-001413 (E.D. Va. Dec. 12, 2017). There are also many examples of courts in other jurisdictions throughout the United States permitting service by email in cases similar to the instant case. *See*, *e.g.*, *Eye Safety Sys., Inc. v. The Partnerships and Unincorporated Ass'ns Identified in Schedule "A"*, Case No. ILND-1:18-cv-00034 [ECF 27 (Jan. 16, 2018)] (granting plaintiff's motion for, *inter alia*, service by email); *see also Spin Master Ltd. et al v. The Unincorporated P'ships and Ass'n Identified in Schedule "A"*, Case No. ILND-1:18-cv-01270 [ECF 26 (Feb. 27, 2018)] (same); *Levi Strauss & Co. v. The Unincorporated P'ships and Ass'ns Identified in Schedule "A"*, Case No. ILND-1:17-cv-04561 [ECF 21 (June 27, 2017)] (same); *Yeti Coolers, LLC v. Taneil George, et al*, Case No. FLSD-0:17-cv-62215 [ECF 12 (Nov. 20, 2017)] (same); *Mycoskie, LLC v. csmlong188 et al.*, Case No. FLSD-0:17-cv-60782 [ECF 13 (May 1, 2017)] (same); *Fendi Adele, S.R.L. v. Alma Hernandez, et al*, Case No. FLSD-0:17-cv-62379 [ECF 7

reaching e-commerce merchants, noting, among other things, that even, "[t]he federal judiciary's own CM/ECF system alerts parties . . . by e-mail messages." *Chanel, Inc. v. Zhibing*, Case No. 09-cv-02835, 2010 WL 1009981 at *4 (W.D. Tenn. Mar. 17, 2010).

### B. International Agreement Does Not Preclude or Prohibit Service By Email.

Although Plaintiff is unable to determine the actual physical whereabouts of the Defendants identified in Table 1, Plaintiff has good cause to believe that these Defendants are most likely residents of China, or that Defendants utilize China as the hub of their counterfeit operations (or, at a minimum, as the source of their counterfeit goods). *See* ECF 43 ¶ 20. The Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil or Commercial Matters ("Hague Convention"), to which China is a signatory, does not preclude service by email, and the declarations to the Hague Convention filed by China do not appear to expressly prohibit email service. According to Article 1 of the Hague Convention, the "Convention shall not apply where the address of the person to be served with the document is not known." Hague Convention Article 1. As such, there is no bar to court-directed email service under Rule 4(f)(3). *See Rio Props*., 284 F.3d at 1017; *see also Williams-Sonoma Inc. v. Friendfinder Inc.*, 2007 WL 1140639 at *2 (N.D. Cal. 2007) (permitting service by email because Hague Convention does not expressly prohibit email); *Philip Morris USA Inc. v. Veles*

---

(Dec. 12, 2017)] (same); *Burberry Ltd. et al v. The P'ships and Unincorporated Ass'ns Identified On Schedule A*, Case No. ILND-1:17-cv-03255 [ECF 23 (May 4, 2017)] (same); *Chanel, Inc. v. Individual, P'ship, or Unincorporated Ass'n Identified on Schedule A*, Case No. FLSD-0:17-cv-62270 [ECF 9 (Nov. 22, 2017)] (same); *Louis Vuitton Malletier, S.A. v. Andrew Henry et al*, Case No. FLSD-0:17-cv-61034 [ECF 12 (June 5, 2017)] (same); *Cartier Int'l A.G. v. Anatoky et al*, Case No. FLSD-0:17-cv-60831 [ECF 12 (May 3, 2017)] (same); *Lacoste Alligator S.A. v. 6666 store et al*, Case No. FLSD-0:17-cv-60046 [ECF 15 (Jan. 25, 2017)] (same); *Gucci Am., Inc. v. 8710 t-shirt shop et al*, Case No. FLSD-0:16-cv-63002 [ECF 15 (Jan 12, 2017)] (same); *Louis Vuitton Malletier, S.A. v. afste nxmu et al*, Case No. FLSD-0:17-cv-61819 [ECF 11 (Sep. 20, 2017)] (same).

*Ltd*, No. 06 Civ. 2988, 2007 WL 725412, at *2-3 (S.D.N.Y. Mar. 12, 2007) (same); *Gurung v. Malhotra*, 2011 WL 5920766 (S.D.N.Y. 2011).

Other courts have reasoned that because the Hague Convention only applies if the law of the forum state requires service of documents abroad, the Hague Convention is not a barrier to any alternative service that will be performed domestically. *See FMAC Loan Receivables v. Dagra*, 228 F.R.D. 531, 534-35 (E.D. Va. 2005) (ordering service on domestic counsel under Rule 4(f)(3) and finding that Hague Convention would not apply because service would be effected in the United States); *see also Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 698-99 (1988). Thus, because the United States of America and China are signatories to the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil or Commercial Matters,[2] service by email is appropriate. *See also Philip Morris*, 2007 WL 725412 at *1, n.2 (electronic mail service was authorized and the Hague Convention did not apply because, despite physical "addresses" having been provided by Defendant's registrar, the actual addresses could not be confirmed as valid).

### C.    Email Service Constitutes Valid Due Process.

In order to fulfill due process requirements under Fed. R. Civ. P. 4(f)(3), the Court must approve a method of service that is "reasonably calculated under all the circumstances," to provide notice to the defendants. *See Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Federal courts have routinely recognized the validity of service by email or publication where other means have failed. *See Juniper Networks, Inc. v. Bahattah*, No. 07-1771 (PLF), 2008 WL 250584, at **1-2 (D.D.C. Jan. 30, 2008) (citing *Rio Props., Inc.* when finding that "in certain circumstances […] service of process via electronic mail […] is appropriate and

---

[2] *See* http://www.hcch.net/index_en.php?act=conventions.text&cid=17 (last visited 2/7/2018).

may be authorized by the Court under Rule 4(f)(3) of the Federal Rules of Civil Procedure");

*Philip Morris*, 2007 WL 725412, at *1 (allowing email service by Plaintiff); *Williams v. Adver.*

*Sex LLC*, 231 F.R.D. 483, 488 (N.D.W. Va. 2005) ("service of process by electronic mail is

authorized by and warranted under Rule 4(f)(3) of the Federal Rules of Civil Procedure").

Moreover, "[w]here the plaintiff can show that deliberate avoidance and obstruction by the

defendant [has] made the giving of notice impossible, statutes and case law have allowed

substitute notice by mail and by publication in media of general and wide circulation." *S.E.C. v.*

*Tome*, 833 F.2d 1086, 1092 (2d Cir. 1987).

Where, as here, a plaintiff demonstrates that service via electronic mail is likely to reach

the defendant, due process is satisfied. *See e.g., Philip Morris*, 2007 WL 725412 at *2-3

(compiling cases that show due process is satisfied by email service)*; Rio Props.*, 284 F. 3d at

1014 ("[It is] not only that service of process by email was proper—that is, reasonably calculated

to appraise [the defendant] of the pendency of the action and afford it an opportunity to

respond—but in this case, it was the method of service most likely to reach [the defendant]");

*Popular Enters., LLC v. Webcom Media Grp., Inc.*, 225 F.R.D. 560, 563 (E.D. Tenn. 2004)

("Service of process by e-mail is reasonably calculated to apprize defendant of the pendency of

this action and afford it an opportunity to respond"). Particularly, the Court is afforded wide

discretion in ordering service of process under Rule 4(f)(3), which "provides the Court with …

flexibility and discretion … empowering courts to fit the manner of service utilized to the facts

and circumstances of the particular case." *BP Prods.*, 236 F.R.D. 270 (citing *In re Int'l*

*Telemedia Ass'n, Inc.*, 245 B.R. 713, 719 (Bankr. N.D. Ga. 2000) (granting Rule 4(f)(3) motion

authorizing service to defendant's last-known email address)). When exercising that discretion

courts should make "an earnest effort […] to devise a method of communication that is

consistent with due process and minimizes offense to foreign law." *See* Fed. R. Civ. P. 4 Advisory Committee's notes (1993).

Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their counterfeiting operation. As a result, Plaintiff is unable to accurately confirm the identities and physical locations of Defendants identified in Table 1 to effect service and are, thus, left with email as their only effective way to ensure service of process. Email service in this case is, however, extremely likely to be effective since Defendants must provide PayPal with a valid email address so that customers can complete payment. Moreover, it is necessary for merchants, such as Defendants, who operate entirely online, to ensure they can communicate with customers electronically. As such, it is far more likely that Defendants can be served electronically than through traditional service of process methods. In fact, in past cases filed by the undersigned counsel, this method of service has proven particularly effective. *See* Talley Decl. ¶¶ 12-13. On average, once notified via email by either Plaintiff's counsel or PayPal, typically 80% or more of Defendants contact counsel to settle the case. *See id.* ¶ 13-14.

Accordingly, allowing service solely by email in the present case is appropriate and comports with constitutional notions of due process, particularly given the decision by Defendants to conduct their illegal Internet-based activities anonymously while unlawfully using Plaintiff's famous trademarks for their own profit.

Other courts in this District have also found email service is valid due process. *See Juul Labs, Inc. v. Unincorporated Ass'ns*, Case No. 1:18-cv-01516-LO-IDD [ECF 24] (E.D. Va. Dec. 10, 2018) (granting a similar motion for service by email), *Juul Labs, Inc. v. Unincorporated Ass'ns*, Case No. 1:18-cv-01287-LO-IDD [ECF 22] (E.D. Va. Oct. 16, 2018) (same), *Juul Labs,*

12

*Inc. v. Unincorporated Ass'ns*, Case No. 1:18-cv-01207-LO-IDD [ECF 21] (E.D. Va. Sept. 26, 2018) (same), *Juul Labs, Inc. v. Unincorporated Ass'ns*, Case No. 1:18-cv-01063-LO-IDD [ECF 22] (E.D. Va. Sept. 11, 2018) (same), *Volvo Car Corp. v. Unincorporated Ass'ns*, Case No. 1:18-cv-00977-LO-IDD [ECF 26] (E.D. Va. Aug. 31, 2018) (same), *Volkswagen AG et al. v. Unincorporated Ass'ns, et al.*, Case No. 1:17-cv-00970 [ECF 42] (E.D. Va. Nov. 21, 2017) (granting a similar motion for service by email or publication), *Volkswagen AG et al. v. Unincorporated Ass'n, et al.*, Case No. 1:17-cv-001413 [ECF 54] (E.D. Va. May 11, 2018) (same).

> **D.    Translation of the Documents is Not Necessary, but Plaintiff Will Provide One if this Court Orders the Translation.**

Plaintiff is willing to provide a translated copy of the Complaint to Defendants, if this Court orders a translation. Plaintiff contends, however, that a translation of the Complaint is not necessary for two reasons. First, Fed. R. Civ. P. 4 does not require a translation of the documents; and second, the Hague Convention does not apply where the address of the person to be served with the document is not known. *See* Exhibit 2, Hague Convention Article 1 (stating that the "Convention shall not apply where the address of the person to be served with the document is not known.").

Plaintiff also believes that providing a translation is not necessary in this case because Defendants conduct their business in English, and direct their retail efforts to U.S. consumers. For example, all of Defendants have advertised their product offerings in English, and based on Counsel for Plaintiff's experience in these matters, Defendants typically communicate with customers in English and conduct settlement negotiations in English. As a result, experience and circumstances would indicate that Defendants are fully capable of understanding and adequately responding to the case against them without translations of the relevant pleadings

IV.     **CONCLUSION**

In light of the above, Plaintiff respectfully requests that its motion for order authorizing service of process by email be granted.

Date:  July 23, 2019                    Respectfully submitted,

                                        /s/ Monica Riva Talley
                                        Monica Riva Talley (VSB No. 41840)
                                        Byron Pickard (VSB No. 47286)
                                        Dennies Varughese, Pharm.D. (*pro hac vice*)
                                        Nirav N. Desai (VSB. No. 72887)
                                        Nicholas J. Nowak (*pro hac vice*)
                                        Daniel S. Block (*pro hac vice*)
                                        STERNE KESSLER GOLDSTEIN & FOX, PLLC
                                        1100 New York Ave., N.W., Suite 600
                                        Washington, DC 20005-3934
                                        Telephone No.: (202) 371-2600
                                        Facsimile No.: (202) 371-2540
                                        mtalley@sternekessler.com
                                        bpickard@sternekessler.com
                                        dvarughe@sternekessler.com
                                        ndesai@sternekessler.com
                                        nnowak@sternekessler.com
                                        dblock@sternekessler.com

                                        *Attorneys for Plaintiff*