**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| **JUUL LABS, INC.,**<br><br>  Plaintiff,<br><br>v.<br><br>YASER AHMED, GREG HILLHOUSE, PANTELEY NIKOLOV, MIN ZHANG (敏 张), DANIEL WHITE, WENJIANG MAI, DONG DONG WANG (东东 王), ARTHUR BERNARD, MARK DERIAS, KEVIN SULLIVAN, ANTONIO CRESSOTTI, RUSSELL MCGOWAN, ZHENYU ZHU, LIAN CUI JIANG (莲翠 蒋), XIAO HUA WANG (小华 汪), ROY WALKER, YERVAND SETOYAN, GREG WILSON, EMAN GHALY, HAI YAN XIANG (海艳 项), JORDAN HORST, MYRON DOYLE, BENZ TRAN, DENNIS HAMMER, JIAQI CHEN, DUY TRAN, ANGELENE QUIMBAYA, KENNETH BUSS, PENG LIN (鹏 林) IVAN ZAMBAROV, APRIL CASELLA, NIKOLAY ZANBAROV, TRACY WISBY, MERVAT ABOULAYLA, NOAH MARTANO, NICOLE EGDORF, JOSIF LEITNER, HARLEN NAPPI, ROBERT RULE, MINGHUA HUANG, SARAH GRIFFITH, JACOB COLEMAN, SLADE HANSON, ALEJANDRO PIEDRA, CHRISTY VASQUEZ, HUI QI LIN (辉棋 林), WENBO LEI, MARCIO DIAZ, ALI TOY, JESSE LAZAR, SIBEL TOY, NIDAL HAMAYEL, IMAD RIHAN, ZAHEY SAMEEH, JASON KIM, FREDERICK ROESEL, YAN XIONG, BOBBY TAYLOR, CAROL PRINE, JIAWEI HUANG, DARIO VASQUEZ, KENGATE LEEN, JORDAN MCLEOD, KYLE JACKSON, KYLE PATTERSON, KIMBERLY STRATOS,<br><br>  Defendants. | Civil Action No. 1:19-cv-00715 |

1

## DECLARATION OF MONICA RIVA TALLEY IN SUPPORT OF PLAINTIFF'S MOTION FOR ORDER AUTHORIZING SERVICE OF PROCESS BY EMAIL AS TO CERTAIN DEFENDANTS

I, Monica Riva Talley, hereby declare as follows:

1.  I am an attorney with the law firm Sterne Kessler Goldstein & Fox PLLC, counsel for Plaintiff Juul Labs, Inc. ("Plaintiff").

2.  I am a member in good standing of the Bar of the Virginia. My Virginia State Bar number is 41840.

3.  I submit this Declaration in support of Plaintiff's Motion for Order Authorizing Service of Process by Email to Certain Defendants, and make this Declaration based on my personal knowledge.

4.  Defendants listed in Schedule A to the Verified Complaint ("Complaint") establish numerous online stores on eBay to sell counterfeit Juul products without licenses from the trademark owner. These counterfeit products are of vastly inferior quality than the genuine ones, are sold in large quantities, and are shipped from China.

5.  Plaintiff is undertaking a global trademark enforcement effort to reduce or stop the flow of counterfeit JUUL products into the marketplace. Plaintiff seeks to protect its brand from infringement, dilution, tarnishment, and to generally protect the reputation which Plaintiff has established over the course of many years.

6.  Plaintiff purchased goods from each of the Defendants listed in Schedule A to the Complaint, and conducted a thorough analysis of the goods. Plaintiff determined that the goods were, in fact, counterfeit and inferior to genuine JUUL products.

7.  Many similarities exist between the various Defendant online stores that lead Plaintiff to believe Defendants are related in some manner. For example, the stores employ similar layouts, descriptions, images, and other identifying information. *See* Exhibits 2, 3.

8.      Certain Defendants also provide misleading contact information. For example, many of the email addresses used by Defendants to register their various PayPal accounts contain randomly typed letters or numbers, and fail to provide information consistent with the shipping addresses on the packages Plaintiffs received as part of their test buys.

9.      This is consistent with my experience in anti-counterfeiting. I have been counsel on numerous prior anti-counterfeiting actions with similar facts to this present Action. Consistently, I have found that defendants in such cases almost universally attempt to conceal their physical location.

10.     Typically, in anti-counterfeiting cases such as the present one, Plaintiffs seek a temporary restraining order and early discovery from online payment services, such as PayPal. In such cases, I personally reviewed the information received from PayPal and compared it against the information received from test purchases of counterfeit goods made from the defendants in those cases. In doing so, I have noticed some unique characteristics and patterns. For example, the zip codes provided by the counterfeiters to payment providers such as PayPal are often different than those supplied in the return address for the packages. And, based on my experience, I have no reason to believe certain Defendants in this Action behave any differently than prior defendants. As detailed further below, in cases like the current one, I have learned that defendants typically operate entirely online, and may not even have a physical business location, instead relying on shipping services and post office boxes.

11.     In the present case, certain Defendants appear to have misled eBay consumers to believe that they resided within the United States (*See* Exhibit 2). Instead, discovery received from PayPal shows that certain Defendants are most likely Chinese individuals having residences and places of business exclusively within China, despite the fact that the shipment addresses

obtained by conducting test purchases from a number of these Defendants was for a warehouse located in the United States. The Defendants identified by the Plaintiff in this case that appear to be located in China are listed in the table below:

| No. | Defendant's eBay ID | Defendant's Name | PayPal email address |
|---|---|---|---|
| 4 | qiaotianping-zhengmeixinxi | Min Zhang (敏 张) | qtp_misszhang@outlook.com shiyan0227@outlook.com qtp_misszhang@hotmail.com |
| 5 | miss_zhang | | |
| 7 | Vapingpit | Wenjiang Mai | maiwenjiang@hotmail.com misszhanglink2mwj@outlook.com qtplink2mwj@outlook.com |
| 8 | savings4u168 | Dong Dong Wang (东东 王) | wangpaul668@gmail.com |
| 15 | kytech2016_0 | Lian Cui Jiang (莲翠 蒋) | kytech2016@163.com |
| 16 | szeminhhangy | Xiao Hua Wang (小华 汪) | wangxiaohua588@outlook.com xiaohuawang588@outlook.com wxhua188@outlook.com |
| 22 | tyijiafkju | | |
| 68 | yanshifu482 | | |
| 24 | red-cherry2018 | Hai Yan Xiang (海艳 项) | cherry-xiang@outlook.com |
| 33 | talfangkoyu | Peng Lin (鹏 林) | penglin188@outlook.com |
| 53 | wanyancai559 | Hui Qi Lin (辉棋 林) | linhq888@hotmail.com |
| 54 | wenwen996_4 | Wenbo Lei | wenwen996@aliyun.com |

12. Through my work on anti-counterfeiting cases, I have conferred with PayPal and I am aware that PayPal requires a working email address to conduct business on its site. Through my discussions with PayPal, I learned about the process PayPal undertakes once it is informed of a litigation. First, PayPal freezes the PayPal account associated with the accused email. PayPal institutes an automatic hold on the PayPal account, preventing the owner from transferring money from the account. PayPal then emails the account holder and informs him or her that the account is frozen.

13. More often than not, once PayPal has informed the account holder that their account has been frozen, the account holder contacts counsel for Plaintiffs directly via email.

Those defendants are often able to reach amicable settlements that call for the release of the PayPal accounts once the defendant has met certain preconditions. Although defendants typically provide PayPal and Plaintiffs with inconsistent mailing address information, the PayPal email address is always accurately linked to the infringing online account.

14. Based on my previous cases, I would estimate that roughly 80% of all defendants contact Plaintiff's counsel for settlement. Notably, the defendants that contact Plaintiffs by email do so in English. In my experience, the defendants are generally able to communicate and effectively negotiate settlements in English and without translation to Chinese. And the defendants usually admit to selling the infringing goods.

15. This is consistent with information I have learned in other cases. For example, in *Volkswagen AG et al. v. Unincorporated Ass'n, et al.*, Case No. 17-cv-001413 (E.D. Va. Dec. 12, 2017), Plaintiffs learned that a Defendant had four separate eBay stores registered to a single payment account. When the test purchases were received from this defendant, none of the four packages originated from the address supplied by PayPal—and each of the packages provided four distinct return addresses and four unique names on the packages, despite originating from the same business.

16. In another example from the same case, a defendant contacted Plaintiffs after receiving notice from PayPal that the account associated with their email was frozen. The defendant claimed to be a young single mother who did not run a successful business. However, PayPal records indicated that this particular defendant had received over $3,000,000 in transactions. The parties, after confronting the defendant with this information, were able to reach a settlement with defendant.

17. In another case, *Volkswagen AG et al. v. Unincorporated Ass'ns, et al.*, Case No. 17-cv-00970 (E.D. Va. Aug. 29, 2017), defendants used similar tactics to conceal their identities, including using post office boxes for the return address on the shipped goods, or supplying vacant lots as their home address.

18. In another instance from that same case, the Volkswagen Plaintiffs learned that a named defendant was the victim of identity fraud, with the counterfeiters using the defendant's previous address to conduct its illicit operations.

19. The uncontroverted evidence in those cases mirrors the facts of this case. Plaintiff has conducted a similar investigation into the identities of Defendants in this case but faces significant challenges in service, due to Defendants' collective actions to avoid discovery.

20. I reviewed dozens of cases similar to this one, a brief sample of the cases are included in Footnote 2 of the Memorandum of Law, and found that email service in cases similar to this one is common.

Date: July 23, 2019                                        Respectfully submitted,

  /s/ Monica Riva Talley
Monica Riva Talley

*Attorney for Plaintiff*