


UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| JUUL LABS, INC.,<br>Plaintiff,<br><br>v.<br><br>THE UNINCORPORATED ASSOCIATIONS<br>IDENTIFIED IN SCHEDULE A, Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 1:19-cv-00715 |

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND/OR MOTION TO TRANSFER VENUE UNDER 28 U.S.C. § 1404

Defendant Sibel Toy, respectfully submits this memorandum of law in support of her Motion to Dismiss Plaintiff's Complaint, or in the alternative, Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Northern District of Texas. As grounds therefor, Defendant states as follows:

BACKGROUND

Defendant Sibel Texas is a resident of Texas. Ms. Toy resides in Texas and has resided continuously in Texas since 2014. She has no connection to Virginia, such as owning property, maintaining an office or an agent, or directing any business specifically to Virginia.

She has never traveled to Virginia and has no connection to any other Defendant that may reside in Virginia or is otherwise connected to Virginia.

On June 4, 2019, plaintiff filed this lawsuit against Ms Toy alleging claims of trademark infringement among other matters.

## ARGUMENT

I. The Complaint Should Be Dismissed under Rule 12(b)(2) as Ms. Toy Is Not Subject to Personal Jurisdiction in This Court.

Federal Rule of Civil Procedure 12(b)(2) requires dismissal of an action when the court lacks personal jurisdiction over the defendant. "When the exercise of personal jurisdiction is challenged pursuant to Rule 12(b)(2), Fed.R.Civ.P., the question 'is one for the judge, with the burden on the plaintiff ultimately to prove the existence of a ground for jurisdiction by the preponderance of the evidence.'" Rannoch, Inc. v. Rannoch Corp., 52 F. Supp. 2d 681, 683-84 (E.D. Va. 1999) (quoting Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989)).

To establish jurisdiction over Ms. Toy, who does not reside in Virginia, this Court must first consider whether jurisdiction is authorized by Virginia law. The analysis of personal jurisdiction is normally a two-step inquiry, requiring the application of both statutory and constitutional components. Young v. New Haven Advocate, 315 F.3d 256, 261 (4th Cir. 2002). Since the Virginia Long-Arm Statute (Va. Code § 8.01-328.1) extends personal jurisdiction as far as the Due Process Clause permits, this inquiry is "often merged into the question of whether asserting jurisdiction violates the Due Process Clause." RZS Holdings, AVV v. Commerzbank, AG, 279 F. Supp. 2d 716, 720 and n.2 (E.D. Va. 2003); Young, 315 F.3d at 261.

The key factor of statutory jurisdiction is purposeful activity in the Commonwealth. Hanson v. Denckla, 357 U.S. 235, 253 (1958). Therefore it is necessary to examine carefully the nature of a defendant's contacts with Virginia in order to determine whether she may fairly be subjected to suit. Superfos Investments Ltd. v. FirstMiss Fertilizer, Inc., 744 F. Supp. 393, 398 (E.D. Va. 1991). To do so, the Court must first examine whether there were any activities in Virginia giving rise to the action, and any additional contacts that are unrelated to the action, as these different types of contacts are judged by different standards. Superfos, 744 F. Supp. at

398.

Where personal jurisdiction is exercised over a defendant in a lawsuit arising out of or related to the defendant's contacts with the forum, the forum is said to be exercising "specific jurisdiction." Id. at 398 n.3. "General jurisdiction" is the exercise of personal jurisdiction where the defendant's contacts with the forum do not give rise to or relate to the suit. Superfos, 744 F. Supp. at 398 n.3 (citing Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414 (1984)). General jurisdiction requires "continuous and systematic" contacts with the forum, compared to the less stringent standard that applies to specific jurisdiction. Chung v. NANA Dev. Corp., 783 F.2d 1124, 1130 (4th Cir. 1986); see Helicopteros, 466 U.S. at 415, 416.

A. Specific Personal Jurisdiction Does Not Exist Over Ms. Toy.

The Fourth Circuit has established a three-part test to determine whether exercise of specific personal jurisdiction is appropriate. This test requires the Court to examine: "(1) the extent to which the defendant purposefully availed [himself] of the privilege of conducting activities in the State; (2) whether the plaintiff's claims arise out of those activities directed at this State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." ALS Scan, Inc. v. Digital Serv. Consultants, Inc., 293 F.3d 707, 712 (4th Cir. 2002) (citations omitted).

1. Ms. Toy Did Not Purposefully Avail Herself of the Privilege of Conducting Activities in Virginia.

As to the first prong of this test the Fourth Circuit has provided a number of factors to consider in determining what constitutes "purposeful availment":

(a) Whether the defendant maintains offices or agents in the forum state;

(b) Whether the defendant owns property in the forum state;

(c) Whether the defendant reached into the forum state to solicit or initiate business;

(d) Whether the defendant deliberately engaged in significant or long-term business activities in the forum state;

(e) Whether the parties contractually agreed that the law of the forum state would govern disputes;

(f) Whether the defendant made in-person contact with the resident of the forum in the forum state regarding the business relationship;

(g) The nature, quality and extent of the parties' communications about the business being transacted; and

(h) Whether the performance of contractual duties was to occur within the forum.

Consulting Eng'rs, 561 F.3d at 278.

Here, Ms. Toy has never had an office, agent, or property in Virginia. She has never reached into Virginia to solicit or initiate business. Hence, in no meaningful way did Ms. Toy purposefully avail herself of the privilege of conducting business in Virginia. Accordingly, for each of these reasons, plaintiff cannot satisfy the first prong of the three-part test required to exercise personal jurisdiction over Ms. Toy.

2. Plaintiff's Claims Do Not Arise Out of Activities Directed at Virginia.

Under the second prong of the three-part test, the Court must consider whether plaintiff's claims arise out of activities directed at Virginia. ALS Scan., 293 F.3d at 712. Here, they do not. As discussed above, Ms. Toy's activities as a Ebay seller were never directed to Virginia. The activities at issue here, the selling of products on Ebay, are not alleged to have arisen out of any activities directed at Virginia. In fact, plaintiff claims in it's complaint that it reached out to Ms. Toy to purchase the product it now claims is covered by its trademark. Accordingly, plaintiff cannot satisfy the second prong of the three-part test because its claims do not arise out

of activities directed at Virginia.

3. The Exercise of Jurisdiction Would Not Be Constitutionally Reasonable.

Neither Ms. Toy's activities as a seller of products on Ebay or the subsequent purchase of any such products by plaintiff were substantially related to Virginia. In fact, if as alleged in plaintiff's complaint, plaintiff made any purchases on Ebay; plaintiff's voluntary act should not subject Ms. Toy to the jurisdiction of Virginia. Accordingly, plaintiff cannot satisfy the third prong, or any prong, of the three-part test, and Virginia cannot exercise specific personal jurisdiction over Ms. Toy. ALS Scan., 293 F.3d at 712; Superfos, 774 F. Supp. at 398-99.

B. Virginia Lacks General Personal Jurisdiction Because Ms. Toy Does Not Have Continuous and Systematic Contacts with Virginia.

"Even when a cause of action does not arise out of or relate to the [non-resident defendant's] activities in the Forum State, due process is not offended by the States subjecting the [non-resident defendant] to its in personam jurisdiction when there are sufficient contacts between the States and the [non-resident defendant]." Helicopteros, 466 U.S. at 414. These contacts must be "continuous and systematic" in order to support general personal jurisdiction over Mr. Jones. Superfos, 774 F. Supp. at 399.

It is clear that Ms. Toy has had few if any contacts with Virginia. The products sold on Ebay were not produced in Virginia or warehoused in Virginia and were not even tangentially related to Virginia or Ms. Toy's possible visits to Virginia. Ms. Toy's attached Declaration shows that she has never been to Virginia. See Superfos, 774 F. Supp. at 398-99 (holding that a contract with performance over a 2.5 year period constitutes a single contact, rather than a series of transactions).

Based on the facts presented in this case, Ms. Toy's contacts with Virginia, if any, do not rise to the level of "continuous and systematic" as required by due process. Accordingly, the

Court may not exercise in personam jurisdiction over Ms. Toy.

II. The Complaint Should Be Dismissed for Improper Venue Under Rule 12(b)(3).

Plaintiff alleges that venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2). Compl. 2. That allegation is insufficient on its face, and this case should also be dismissed based on improper venue under Rule 12(b)(3).

In the Fourth Circuit, courts consider the "entire sequence of events underlying the claim" to determine where venue is appropriate. See Mitrano v. Hawes, 377 F.3d 402, 405 (4th Cir. 2004) (citation and quotation omitted). A court does not take all facts pled in the complaint as true, and is free to consider facts outside the pleadings. Sucampo Pharmaceuticals, Inc v. Astellas Pharma, Inc., 471 F.3d 544, 549-50 (4th Cir. 2006). Once venue is challenged, the plaintiff bears the burden of showing that venue is proper. Rice Contracting Corp. v. Callas Contractors, Inc., No. 1:08cv1163, 2009 U.S. Dist. LEXIS 3, 2009 WL 21597, at *1 (E.D. Va. Jan. 2, 2009). Plaintiff cannot meet its burden here.

In this case, the relevant sequence of events alleged by plaintiff begins and ends outside of this district. Finally, and importantly, the Complaint does not show that the product plaintiff alleges she sold was anything other than a product similar in appearance to plaintiff's product. In short, Ms. Toy is a resident of Texas and has no connections to Virginia that would subject her to jurisdiction in Virginia. No "substantial part" of those acts is alleged to have occurred in this district, and venue is therefore inappropriate here.

A. The Complaint Fails to Satisfactorily Plead a Claim for Damages.

The Complaint only vaguely asserts the type of damages sought, but it appears that plaintiff is making a claim of damages for loss revenue. That the less than $250.00 of product similar to plaintiff's product that was sold has damaged it to the tune of $2,000,000.00. This

claim is absurd on its face and was only made to assert Federal jurisdiction in this case.

B. The Complaint Fails to State a Claim on Which Relief May Be Granted for Compensatory Damages.

To the extent that plaintiff may attempt to characterize its claims for damages as compensatory in nature, this claim must also be rejected. In Virginia, compensatory damages are damages "allowed as a recompense for loss or injury actually received and include loss occurring to property, necessary expenses, insult, pain, mental suffering, injury to the reputation, and the like." Bennett v. R&L Carriers Shared Servs., LLC, No. 3:08cv498, 2010 U.S. Dist. LEXIS 104884 (E.D. Va. Sept. 30, 2010) (citing Pigg, 152 S.E.2d at 276).

Here, plaintiff has not identified any specific loss or injury actually incurred by plaintiff such that plaintiff's claim can be viewed as seeking compensatory damages. Because plaintiff has not identified any other plausible theory under which it is entitled to damages, plaintiff's claim for damages should be dismissed.

III. In the Alternative, This Case Should Be Transferred to the Northern District of Texas.

In the event that this case is not dismissed for the foregoing reasons, Ms. Toy requests that this Court transfer venue of this action to the U.S. District Court for the Northern District of Texas.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The Court should exercise its power to transfer a case in order "to prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." Original Creatine Patent Co., Ltd. v. MET-RX USA, Inc., 387 F. Supp. 2d 564, 566 (E.D. Va. 2005) (internal quotations omitted).

Transfer in this case is proper for the following reason that requiring Ms. Toy to defend

this case in Virginia would be extremely inconvenient, burdensome, expensive and prejudicial to Ms. Toy based on the fact that she resides 1200 miles away in Texas. Conversely, an order transferring venue of this matter to the Northern District of California would not inconvenience or prejudice plaintiff in any way because of its essentially limitless resources and its ability to litigate this case in any forum.

CONCLUSION

For all the foregoing reasons, the Court should enter an order: (1) dismissing the Complaint in its entirety under Rules 12(b)(2) and 12(b)(3); under 12(b)(6), dismissing any claim for breach of fiduciary duty and any claim for damages. In the alternative, this action should be transferred to the Northern District of Texas under 28 U.S.C. § 1404(a).

Date: November _25___, 2019

Respectfully submitted,

Sibel Toy, Pro Se
5007 Falcon Hollow Rd.
McKinney, Texas 75072
469-215-9695
Sibelnyc@gmail.com

CERTIFICATE OF SERVICE

I hereby certify that on November __25_, 2019, a true copy of the foregoing MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND/OR MOTION TO TRANSFER VENUE was filed with the Clerk of Court and a copy of said filing was sent to counsel for plaintiff; Monica Riva Talley, Sterne Kessler Goldstein & Fox, P.L.L.C.. 1100 New York Ave., N.W., Suite 600, Washington, D.C. 20005-3934; mtalley@sternekessler.com

Sibel Toy, Pro Se