**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| JUUL LABS, INC., | |
| **Plaintiff,** | |
| **v.** | Civil Action No. 1:19-cv-00715-LO-IDD |
| THE UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE A, | |
| **Defendants.** | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT SIBEL TOY'S
<u>MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER VENUE</u>**

## TABLE OF CONTENTS

I.     INTRODUCTION ............................................................................................... 1

II.    STATEMENT OF FACTS ................................................................................... 1

     A.    The Parties ............................................................................................... 1

     B.    The Dispute .............................................................................................. 2

III.   LEGAL STANDARDS ....................................................................................... 5

IV.   ARGUMENT ...................................................................................................... 6

     A.    The Court Has Personal Jurisdiction Over Defendant Toy .................................... 6

          1.    The court has specific jurisdiction over Toy under the Virginia long-arm statute ...................................................................... 7

          2.    Personal jurisdiction over Toy is consistent with Constitutional due process ............................................................................................... 9

     B.    Venue Is Proper In This District .......................................................... 15

     C.    Plaintiff States A Claim On Which Relief May Be Granted Including A Claim For Compensatory Damages .................................................. 16

     D.    Transfer Would Be Less Convenient, Against the Interest of Justice, and Would Prejudice Plaintiff ............................................................. 17

V.    CONCLUSION ................................................................................................. 20

## <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                 **Page(s)**

*Alitalia-Linee Aeree Italiane S.p.A. v. Casinoalitalia.com,*
  128 F. Supp. 2d 340 (E.D. Va. 2001) ...............................................................................5, 7

*ALS Scan, Inc. v. Dig. Serv. Consultants, Inc.,*
  293 F.3d 707 (4th Cir. 2002) ...................................................................................... *passim*

*Automobili Lamborghini S.P.A. v. Lamborghini Latino Am. USA,*
  400 F. Supp. 3d 471 (E.D. Va. 2019) ......................................................................... *passim*

*Bright Imperial Ltd. v. RT MediaSolutions, S.R.O.,*
  No. 1:11-CV-935-LO-TRJ, 2012 WL 1831536 (E.D. Va. May 18, 2012) ............................12

*Burger King Corp. v. Rudzewicz,*
  471 U.S. 462 (1985).........................................................................................................9, 10

*CFA Inst. v. Inst. of Chartered Fin. Analysts of India,*
  551 F.3d at 285, 293 (4th Cir. 2009)..............................................................................5, 12, 13

*Cobalt Boats, LLC v. Sea Ray Boats, Inc.,*
  No. 2:15CV21, 2015 WL 1800274 (E.D. Va. Apr. 16, 2015)...............................................19

*Consulting Eng'rs Corp. v Geometric, Ltd.,*
  561 F.3d 273 (4th Cir. 2009) ..........................................................................................5, 10

*Diamond Healthcare of Ohio, Inc. v. Humility of Mary Health Partners,*
  229 F.3d 448 (4th Cir. 2000) ...................................................................................................7

*Douglas v. D.B. Va., LLC,*
  No. 4:10CV80, 2010 WL 5572830 (E.D.Va. Dec. 13, 2010)................................................15

*Graduate Mgmt. Admission Council v. Raju,*
  241 F. Supp. 2d 589 (E.D. Va. 2003) .....................................................................................7

*Int'l Shoe Co. v. Washington,*
  326 U.S. 310 (1945).................................................................................................................9

*Jones v. Boto Co., Ltd.,*
  498 F. Supp. 2d 822 (E.D. Va. 2007) .................................................................................6, 14

*Juul Labs, Inc. v. Unincorporated Associations Identified in Schedule A,*
  No. 1:19-cv-01126 (E.D. Va.) ..................................................................................... *passim*

*Koh v. Microtek Int'l, Inc.,*
  250 F. Supp. 2d 627 (E.D. Va. 2003) ................................................................................17, 18

*Lamparello v. Falwell*,
   420 F.3d 309 (4th Cir. 2005) ..................................................................8

*Match.Com, L.L.C. v. Fiesta Catering Int'l, Inc.*,
   No. 1:12-CV-363, 2013 WL 428056 (E.D. Va. Jan. 31, 2013) ...................... *passim*

*Mitrano v. Hawes*,
   377 F.3d 402 (4th Cir. 2004) ................................................................16

*Peninsula Cruise, Inc. v. New River Yacht Sales, Inc.*,
   512 S.E.2d 560 (Va. 1999)......................................................................5

*Prod. Grp. Int'l, Inc. v. Goldman*,
   337 F. Supp. 2d 788 (E.D. Va. 2004) .......................................................5

*Sneha Media & Entm't, LLC v. Associated Broad. Co. P Ltd.*,
   911 F.3d 192 (4th Cir. 2018) ..................................................................6

*Southern Ry. Co. v. Madden*,
   235 F.2d 198, 201 (4th Cir. 1956) .........................................................17

*Superfos Invs. Ltd. v. FirstMiss Fertilizer, Inc.*,
   774 F. Supp. 393 (E.D. Va. 1991) .........................................................12

*T. & B. Equip. Co., Inc. v. RI, Inc.*,
   No. 3:15-CV-337, 2015 WL 5013875 (E.D. Va. Aug. 24, 2015).........................16

**Statutes**

15 U.S.C.
   § 1114......................................................................................................3
   § 1114(a)...........................................................................................13, 17
   § 1117(c)(2)...........................................................................................17
   § 1125......................................................................................................3
   § 1125(a)...........................................................................................13, 17
   § 1125(c)..................................................................................................3

28 U.S.C.
   § 1391....................................................................................................15
   § 1404(a)...........................................................................................1, 5, 17

Va. Code § 8.01-328.1(A)(4)................................................................................7

**Other Authorities**

Fed. R. Civ. P.
  5(b)(2)(E) ...........................................................................................................4
  12(b)(2), 12(b)(3), 12(b)(6)...........................................................................1, 4
  12(b)(3) ........................................................................................................15, 16

Local Civil Rule 83.1(M)...........................................................................................1

Plaintiff Juul Labs, Inc. ("Plaintiff" or "JLI"), by counsel, submits this Memorandum in Support of its Opposition to Defendant Sibel Toy's Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), 12(b)(6), or in the alternative, transfer venue pursuant to 28 U.S.C. § 1404(a).

## I.      INTRODUCTION

This Court has specific personal jurisdiction over Defendant Sibel Toy ("Defendant" or "Toy") and venue is proper and convenient in this Judicial District. Specifically, this Court has specific personal jurisdiction over Toy under the Virginia long-arm statute, and the exercise of specific personal jurisdiction is consistent with Constitutional due process based on Toy's contacts with this District. Venue is also proper in this District, and transferring this case would be less convenient, against the interest of justice and judicial economy, and cause undue prejudice to JLI.

For these reasons, and as detailed below, Toy's motion[1] should be denied in its entirety.

## II.     STATEMENT OF FACTS

### A.      The Parties

JLI is a pioneer in Electronic Nicotine Delivery Systems (i.e., "ENDS") and related technologies, having spent years and invested millions of dollars to develop and introduce into the market in 2015 its branded, innovative, and breakthrough ENDS product. JLI's JUUL-branded system features a unique appearance and distinctive package design. These unique features differentiate JUUL both visually and aesthetically from others in its category. As is the case with many successful brands, JLI has become aware of significant trademark infringement

---

[1] Defendant Toy is proceeding *pro se* in this matter and is not a licensed attorney, yet failed to accompany her motion to dismiss with a Ghostwriting Certification as required by Local Civil Rule 83.1(M), thus it is unclear to Plaintiff and the Court whether Toy prepared her motion with the assistance of an attorney.

and counterfeiting problems in the United States, including within Virginia and this Judicial District.

Defendant Sibel Toy is an individual who resides in McKinney, Texas. Toy uses the email address sgokmen75@gmail.com to sell counterfeit JLI products via the online marketplace eBay. ECF 43, First Amended Verified Complaint at ¶ 71. Toy is the owner and operator of the eBay username "colorsbyher" which Toy used to market and sell counterfeit JLI products on eBay, according to additional information obtained by Plaintiff from PayPal. ECF 43, ¶ 87. Toy accepted payment in U.S. dollars for the counterfeit JLI products sold on her eBay store via PayPal, offered to ship the counterfeit JLI products throughout the United States and into Virginia, and sold counterfeit JLI products that were shipped to an address in this District. ECF 43, ¶¶ 12, 100. Additionally, Toy is a named defendant in a second lawsuit filed by Plaintiff on August 29, 2019 in the Eastern District of Virginia, relating to a different eBay username operated by Toy. *Juul Labs, Inc. v. Unincorporated Associations Identified in Schedule A*, No. 1:19-cv-01126 (E.D. Va.) (hereinafter, "Juul 2").[2] Juul 2 involves similar allegations of trademark infringement and counterfeiting, false designation of origin, and trademark dilution for the unauthorized use of JLI's trademarks as the instant case.

**B.** **The Dispute**

On June 4, 2019, JLI filed its Verified Complaint ("Complaint") against The Unincorporated Associations Identified in Schedule A ("Defendants"), upon becoming aware of Defendants' online sales of counterfeit JLI goods, including counterfeit JUULpods. *See* ECF 1,

---

[2] Defendant Toy's husband, Ali Toy, who resides at the same address as Defendant Toy and is also a named Defendant in this action for his activities related to selling counterfeit JLI goods through a different online store, has not moved to dismiss Plaintiff's Complaint by challenging personal jurisdiction and venue in this District.

Complaint.[3] JLI strongly suspected Defendants' goods to be counterfeit because, *inter alia*, they were priced at substantially lower prices than genuine JUULpods, which retail for $15.99 for a pack of four pods. *Id*. at ¶ 23. JLI reviewed pod offerings purchased from each of Defendants' internet stores, including eBay, to determine their authenticity, and confirmed that the products offered by Defendants' internet stores were, in fact, counterfeit JLI goods. *Id*.; *see also* ECF 8. The counterfeit JLI goods offered for sale on Defendants' internet stores were targeted to consumers in the United States and this District, and Defendants offered to ship the counterfeit goods to consumers in the United States and this District. ECF 1, ¶ 26. Images of the shipping page from each Defendants' internet stores, showing a delivery location of an address in Alexandria, Virginia, are attached to the Complaint as Exhibit 3. *See* ECF 9.

On June 7, 2019, this Court issued an order allowing Plaintiff to obtain limited discovery from eBay sufficient to learn the identities of Defendants as well as any name, email address, telephone number, PayPal account, or other payment accounts associated with such eBay accounts. ECF 20. Upon obtaining discovery from PayPal, Plaintiff learned that Defendant Sibel Toy was the owner and operator of the eBay store account "colorsbyher." ECF 8 at 177-179; ECF 9 at 149-150. Subsequently, Plaintiff filed its First Amended Verified Complaint ("Amended Complaint") against Toy and the other newly-identified Defendants on July 23, 2019. *See* ECF 43.

On July 31, 2019, Plaintiff initiated service of the Amended Complaint on Defendants, and personally served Toy on August 5, 2019 at her residence in McKinney, Texas. ECF 81; ECF 43, ¶ 71. JLI alleges that Toy is engaged in a counterfeiting operation that relies on online

---

[3] Plaintiff alleges Defendants' actions constitute Trademark Infringement and Counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114 (Count I), False Designation of Origin in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125 (Count II), and Trademark Dilution in violation of 15 U.S.C. § 1125(c) (Count III).

sales using online marketplaces such as eBay and the eBay online store "colorsbyher" to sell counterfeit JLI goods, targeting consumers in this Judicial District and throughout the United States. *See* ECF 1, ¶¶ 20–25; *see also* ECF 43, ¶¶ 20, 87-90. Plaintiff further alleges that Toy, without authorization or license from JLI, knowingly and willfully used JLI's trademarks on her eBay online store in connection with the advertisement, distribution, offering for sale, and sale of counterfeit JLI pods into the United States, including Virginia, over the Internet. ECF 1, ¶ 34; ECF 43, ¶ 100. Plaintiff also alleges that Toy's eBay store offers shipping to the Commonwealth of Virginia, and Toy has sold and shipped counterfeit JLI goods into Virginia and this District. *Id*. Plaintiff inspected the goods listed for sale and shipped into Virginia by Toy for authenticity, and determined them to be counterfeit JLI goods. ECF 43, ¶ 93. Defendant Toy also accepted payment for sales of counterfeit JLI goods on eBay via PayPal in U.S. dollars. ECF 43, ¶ 12.

On August 26, 2019, Toy filed an Answer (ECF 63), an Objection to Venue (ECF 64), and an Objection to Jurisdiction (ECF 65) with the Court. On November 19, 2019, Toy attempted service of written discovery on Plaintiff pertaining to both this case and the Juul 2 case. *See* Ex. A, Toy to Nowak Email Chain; Ex. B, Requests for Production; Ex. C, Requests for Admission; and Ex. D, Interrogatories. Plaintiff made Toy aware that discovery was premature, and discovery in these cases cannot proceed until the parties have an initial scheduling conference with the Court. Ex. A.

On December 4, 2019, Defendant Toy filed and served[4] a Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), 12(b)(6) or, in the alternative, transfer venue

---

[4] Defendant Toy certifies that she served her motion to dismiss on Plaintiff via electronic mail on November 25, 2019. *See* ECF 136 at 10. However, Toy's attempted service is improper under the Federal Rules because the parties have not agreed to service via email in this case. Fed. R. Civ. P. 5(b)(2)(E). On December 4, 2019, the Clerk of Court filed Toy's motion on the Court's electronic-filing system, causing the motion to be properly served on Plaintiff. *Id*.

pursuant to 28 U.S.C. § 1404(a). ECF 136.

## III. LEGAL STANDARDS

"Resolution of a personal jurisdiction challenge by a non-resident defendant requires a two-step inquiry." *Prod. Grp. Int'l, Inc. v. Goldman*, 337 F. Supp. 2d 788, 793 (E.D. Va. 2004). First, the Court must determine whether Virginia's long-arm statute authorizes jurisdiction over the defendant considering the facts of the case. Second, the Court must determine whether the exercise of personal jurisdiction comports with the due process requirements of the United States Constitution. *Consulting Eng'rs Corp. v Geometric, Ltd.*, 561 F.3d 273, 277 (4th Cir. 2009); *Alitalia-Linee Aeree Italiane S.p.A. v. Casinoalitalia.com*, 128 F. Supp. 2d 340, 347-48 (E.D. Va. 2001).

In Virginia, "[i]t is manifest that the purpose of Virginia's long-arm statute is to assert jurisdiction over nonresidents who engage in some purposeful activity in this State to the extent permissible under the due process clause." *Peninsula Cruise, Inc. v. New River Yacht Sales, Inc.*, 512 S.E.2d 560, 562 (Va. 1999). Because Virginia's long-arm statute is intended to extend personal jurisdiction to the outer limits of due process, the constitutional and statutory inquiry merge. *Id.*; *see also Consulting Eng'rs Corp.*, 561 F.3d at 277 .

It is well-settled that exercising personal jurisdiction over a defendant is consistent with due process as long as the defendant has sufficient "minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Automobili Lamborghini S.P.A. v. Lamborghini Latino Am. USA*, 400 F. Supp. 3d 471, 474 (E.D. Va. 2019) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotes omitted). The Fourth Circuit has held that "a single act by a defendant can be sufficient to satisfy the necessary 'quality and nature' of such minimal contacts, although 'casual' or 'isolated' contacts are insufficient to trigger such an obligation." *CFA Inst. v. Inst. of Chartered*

*Fin. Analysts of India*, 551 F.3d 285, 293 (4th Cir. 2009) (quoting *Int'l Shoe*, 326 U.S. at 317–19, 66 S.Ct. 154). In particular, the defendant's contacts with the forum are sufficient to permit the exercise of specific personal jurisdiction over the defendant if the defendant "purposefully availed itself of the privilege of conducting activities in [the forum]" and the plaintiff's "claims arose out of the activities that [the defendant] directed at [the forum]." *Sneha Media & Entm't, LLC v. Associated Broad. Co. P Ltd.*, 911 F.3d 192, 198 (4th Cir. 2018).

When a court decides a motion to dismiss for lack of personal jurisdiction without an evidentiary hearing, the plaintiff "only has the burden to make a *prima facie* showing that the exercise of personal jurisdiction over the defendant is proper." *Jones v. Boto Co., Ltd.*, 498 F. Supp. 2d 822, 825 (E.D. Va. 2007) (citing *In re Celotex Corp.*, 124 F.3d 619, 628 (4th Cir. 1997)). "In determining whether the plaintiff has made the requisite showing, 'the court must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction.'" *Id.* (quoting *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989)).[5]

## IV.   ARGUMENT

### A.   The Court Has Personal Jurisdiction Over Defendant Toy

This Court has specific jurisdiction over Toy under the Virginia long-arm statute, and Toy's activities more than satisfy the Constitutional due process requirements of exercising personal jurisdiction. Toy's regular contacts with and specific activities directed at residents of Virginia (i.e., by advertising, offering for sale, selling, and shipping counterfeit JLI merchandise

---

[5] Toy claims JLI must show personal jurisdiction by the preponderance of the evidence, but this is the incorrect evidentiary burden. ECF 136 at 4. Where, as here, the Court decides a motion to dismiss for lack of personal jurisdiction without an evidentiary hearing, the plaintiff "only has the burden to make a *prima facie* showing that the exercise of personal jurisdiction over the defendant is proper. *Jones*, 498 F. Supp. at 825. JLI has pled numerous facts to support a *prima facie* showing that personal jurisdiction over Toy is proper as detailed *infra*.

via the internet to consumers in this District) strongly support the exercise of personal jurisdiction over Toy by this Court.

1.      **The court has specific jurisdiction over Toy under the Virginia long-arm statute**

Toy argues that this Court lacks personal jurisdiction because Toy allegedly has not purposefully directed activities at the residents of Virginia. ECF 136 at 1, 4-5. The truth, however, is that Toy's contacts with Virginia are more direct than she admits in her brief.

Virginia's long-arm statute is liberally construed to extend personal jurisdiction to the full extent permitted by the due process clause of the U.S. Constitution. *Diamond Healthcare of Ohio, Inc. v. Humility of Mary Health Partners*, 229 F.3d 448, 450 (4th Cir. 2000). The Virginia long-arm statute provides that specific personal jurisdiction is proper over a non-resident who, "acting directly or by an agent," causes tortious injury in Virginia by an act or omission outside of Virginia if that person (a) regularly does or solicits business in Virginia or (b) engages in any other persistent course of conduct in Virginia. Virginia Code § 8.01-328.1(A)(4).

Courts in this district have consistently held that trademark infringement is a tort within the meaning of the Virginia long-arm statute. *Graduate Mgmt. Admission Council v. Raju*, 241 F. Supp. 2d 589, 593 (E.D. Va. 2003); *see also Alitalia-Linee*, 128 F. Supp. 2d at 348 ("trademark infringement is a tort"). A trademark owner is injured in any state where his trademark is infringed. *Match.Com, L.L.C. v. Fiesta Catering Int'l, Inc.*, No. 1:12-CV-363, 2013 WL 428056, at *3, n.6 (E.D. Va. Jan. 31, 2013) (citing *Lamparello v. Falwell*, 420 F.3d 309, 313 (4th Cir. 2005)).

Here, Toy made online sales directly targeting business activities toward consumers in this District by using the online eBay account "colorsbyher" to sell counterfeit JLI goods via the internet. ECF 43, ¶ 12. Toy has conducted business with this District's residents by operating her

eBay online store to mislead its residents into purchasing counterfeit JLI products using Plaintiff's trademarks. *Id.* Toy has targeted sales at this District's residents by operating online stores that offer shipping counterfeit JLI products to Virginia, including this District, and accepting payment in U.S. dollars via PayPal. *Id.* These activities directly relate to Plaintiff's trademark infringement and counterfeiting claims, and the Fourth Circuit has noted that "a website need not actually sell goods or services for the use of a mark in that site's domain name to constitute a use 'in connection with' goods or services." *Lamparello*, 420 F.3d at 314. Thus, Toy is committing tortious acts in Virginia, including trademark infringement and counterfeiting, and this is an independent basis to exercise personal jurisdiction over Toy.

Additionally, Plaintiff has confirmed that Toy ships counterfeit JLI Pods to this District by requesting shipping information from Defendant's eBay store. ECF 43, ¶ 12; *see also* ECF 8 at 177-179; ECF 9 at 149-150. Moreover, Plaintiff ordered counterfeit JLI pods from Toy's eBay store, made payment to Toy via PayPal, and Toy shipped the counterfeit JLI pods to an address in this District. ECF 43, ¶ 12. Thus, Toy is committing tortious acts in this District, including trademark infringement and counterfeiting, causing harm to consumers and Plaintiff in this District. Toy is also engaging in interstate commerce by shipping counterfeit JLI goods from Texas to Virginia, and has wrongfully caused Plaintiff substantial injury in this District by willfully violating its trademark rights here. These activities more than satisfy the Virginia long-arm statute.

Toy claims that she has "no connection to Virginia, such as owning property, maintaining an office or an agent, or directing any business specifically to Virginia," and that she "has never traveled to Virginia." ECF 136 at 3. Despite Toy's boilerplate claims, it is well-settled that sales of infringing products via the internet that target consumers in a forum are subject to personal

jurisdiction in that forum, as detailed *infra* in Section 2. *See Automobili Lamborghini*, 400 F. Supp. 3d at 476, n.5 (citing cases). Moreover, Toy's acts of selling counterfeit JLI products via the internet and shipping them to consumers in Virginia causes injury to JLI in Virginia by infringing JLI's trademarks here, bringing Toy within the personal jurisdiction of Virginia courts. *See Match.Com*, 2013 WL 428056, at *3, n.6. Thus, the Court has specific personal jurisdiction over Toy under the Virginia long-arm statute.

> **2.**   **Personal jurisdiction over Toy is consistent with Constitutional due process**

Personal jurisdiction comports with Constitutional due process when the defendant has sufficient "minimum contacts" with the forum state such that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe*, 326 U.S. at 316. The defendant must have "purposefully directed [its] activities at residents of the forum." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). The Fourth Circuit examines three factors to determine whether the requirements of due process are satisfied: "(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the state; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." *ALS Scan, Inc. v. Dig. Serv. Consultants, Inc.*, 293 F.3d 707, 712 (4th Cir. 2002).

In the internet context, the Fourth Circuit has held that a defendant purposefully avails itself of a forum state when it: "(1) directs electronic activity into the state, (2) with the manifested intent of engaging in business or other interactions within the State, and (3) that activity creates, in a person within the State, a potential cause of action cognizable in the State's courts." *ALS Scan*, 293 F.3d at 714.

Here, Toy has more than sufficient minimum contacts with this District to satisfy the due

process requirements of specific personal jurisdiction, as detailed below.

(a)   **Toy has purposefully directed her activities to consumers in Virginia**

Toy has purposefully directed activities at Virginia residents under the Supreme Court *Burger King* test, constituting purposeful availment for purposes of exercising personal jurisdiction in Virginia under the Fourth Circuit's *ALS Scan* test.[6]

First, Toy "direct[ed] electronic activity into [Virginia]," in satisfaction of the first *ALS Scan* element. *See ALS Scan*, 293 F.3d at 714. In *Automobili Lamborghini*, the Court found that the first *ALS Scan* element was satisfied where a foreign defendant participated in marketing and offering counterfeit products for sale via an online store accessible to consumers in the target forum. *See Automobili Lamborghini*, 400 F. Supp. 3d at 475–76. The counterfeit products offered for sale were accused of infringing the plaintiffs' trademarks. *Id*. Similarly, here, JLI has sufficiently alleged facts to show that Toy is engaged in a counterfeiting operation in this District. Toy relied on online sales using the eBay account "colorsbyher" to sell counterfeit JLI goods that targeted consumers in this District and throughout the United States, just like the defendant in *Automobili Lamborghini*. *See* ECF 1, ¶¶ 20–25; *see also* ECF 43, ¶¶ 20, 87-90. Additionally, Toy listed counterfeit JLI products for sale on her eBay website, and Toy shipped counterfeit JLI products into Virginia, including within District. ECF 43, ¶¶ 12, 100-101. Thus, the first *ALS Scan* element is satisfied here as Toy has directed electronic activity into Virginia.

Second, the facts reflect that Toy "manifested intent" in directing electronic activity into Virginia as to "engag[e] in business" within Virginia, as required by the second *ALS Scan*

_____

[6] Toy's purposeful availment arguments fail to address Toy's internet-based contacts and activities in the context of the *ALS Scan* test. ECF 136 at 5-6. For example, internet-based contacts were not at issue or considered by the Court in determining whether personal jurisdiction was proper in *Consulting Engineers Corp. v. Geometric Ltd.*, 561 F.3d 273 (4th Cir. 2009), thus the *ALS Scan* test was not applied. ECF 136 at 5-6.

element. *See ALS Scan*, 293 F.3d at 714. Toy intentionally made online sales directly targeting business activities toward consumers in Virginia and this District by using the online eBay account "colorsbyher" to list counterfeit JLI goods on the internet for sale. ECF 43, ¶ 12. Toy has done business with this District's residents by operating her eBay online store, through which Virginia residents are misled to purchase counterfeit JLI products that misuse Plaintiff's trademarks. *Id*. Toy has targeted sales from Virginia residents by operating online stores that offer shipping to the United States, including Virginia and this District, and accepts payment in U.S. dollars. *Id*. Plaintiff has confirmed that Toy ships counterfeit JLI Pods to this District by requesting shipping information from Defendant's eBay store. *Id*.; *see also* ECF 8 at 177-179; ECF 9 at 149-150. Plaintiff has further alleged that Toy has sold and shipped counterfeit JLI products into Virginia and this District. ECF 43, ¶¶ 12, 100-101. Such activities constitute "engaging in business" to satisfy the second *ALS Scan* element. *See Automobili Lamborghini*, 400 F. Supp. 3d at 476 (holding that the second *ALS Scan* element was met where the defendant listed counterfeit products on his website for sale, planned to sell those products and ship them to consumers into the forum, and shipped the products to an address in the forum).

Third, the last element of the *ALS Scan* test is met here. Toy's electronic activity, in connection with marketing and selling counterfeit JLI products via her eBay website to Virginia consumers, creates a cause of action cognizable in Virginia's courts, namely the Lanham Act actions brought by Plaintiff in the instant case. *See id*. (citing *ALS Scan*, 293 F.3d at 714). Toy's actions infringe JLI's trademarks, harming JLI in Virginia. *See Match.Com*. 2013 WL 428056, at *3, n.6 (holding that the "trademark owner is injured in any state where his trademark is infringed.").

Thus, "[u]nder the *ALS Scan* test established by the Fourth Circuit, [Toy's] electronic

11

activity is sufficient to support the exercise of specific personal jurisdiction over [Toy]." *See Automobili Lamborghini*, 400 F. Supp. 3d at 476 (holding that specific personal jurisdiction was proper over a foreign defendant under the *ALS Scan* test); *Match.Com*, 2013 WL 428056, at *4 (same); *Bright Imperial Ltd. v. RT MediaSolutions, S.R.O.*, No. 1:11-CV-935-LO-TRJ, 2012 WL 1831536, at *6-*7 (E.D. Va. May 18, 2012) (same). All three elements of the *ALS Scan* are met, and the exercise of personal jurisdiction over Toy is proper in this Court.

Finally, a number of courts have found that ***one or two*** sales of allegedly infringing products from a defendant's website into a forum are sufficient to demonstrate purposeful availment of that forum. *See Automobili Lamborghini*, 400 F. Supp. 3d at 476, n.5 (citing *Furminator, Inc. v. Wahba*, No. 410CV01941AGF, 2011 WL 3847390, at *4 (E.D. Mo. Aug. 29, 2011); *Bose Corp. v. Neher*, No. CIV.A. 09-11479-PBS, 2010 WL 3814886, at *5 (D. Mass. July 30, 2010); *Graduate Mgmt. Admission Council v. Raju*, 241 F. Supp. 2d 589, 598 & n.17 (E.D. Va. 2003); *see also CFA Inst. v. Inst. of Chartered Fin. Analysts of India*, 551 F.3d 285, 293 (4th Cir. 2009) (explaining that "a single act by a defendant can be sufficient to satisfy the necessary quality and nature of such minimal contacts") (internal quotation marks omitted)).

Here, Toy contends that she does not have continuous and systematic contacts with Virginia. ECF 136 at 7-8. But that is not the relevant inquiry for establishing *specific* personal jurisdiction, and JLI does not contend it has *general* personal jurisdiction over Toy.[7] Instead, JLI has alleged multiple acts by Toy that constitute quality jurisdictional contacts with this District,

---

[7] Toy's reliance on *Superfos Invs. Ltd. v. FirstMiss Fertilizer, Inc.*, 774 F. Supp. 393 (E.D. Va. 1991) is misplaced. ECF 136 at 7. Toy claims that JLI has not shown that Toy's contacts with Virginia are continuous and systematic. *Id.* However, the fact that Toy's contacts may not be continuous and systematic is irrelevant here because JLI does not contend that Toy is subject to *general* personal jurisdiction in Virginia. JLI contends that Toy is subject to *specific* personal jurisdiction, which is factually supported by the allegations in JLI's Complaint and as detailed in this memorandum.

12

including (1) listing counterfeit JLI products for sale on her eBay online store, which was accessible by consumers in this District, and (2) offering shipping of the counterfeit JLI products listed for sale on her online store to consumers in this District. ECF 43, ¶¶ 88-99. Plaintiff further has verified that Toy has made at least one sale of counterfeit JLI goods in this District and shipped those goods into this District. ECF 43, ¶¶ 12, 100-101. Additionally, Toy is a named defendant in the Juul 2 lawsuit where she is accused of related activities to those in this lawsuit by operating a different eBay store under a different username that sells counterfeit JLI goods, constituting additional jurisdictional contacts relevant to due process inquiry. *See* Juul 2, ECF 1, Complaint.

Each of these acts by Toy are independently sufficient to satisfy the minimum contacts test independently because even "a single act by a defendant can be sufficient [to satisfy the minimum contacts, due process inquiry]." *CFA Inst.*, 551 F.3d at 293. Thus, Plaintiff has made more than a *prima facie* showing that Toy's acts are sufficient to satisfy the minimum contacts Constitutional due process inquiry of personal jurisdiction.

### (b)   JLI's Trademark Infringement, Counterfeiting, False Designation of Origin, and Trademark Dilution Claims arise out of Toy's activities directed at Virginia residents

Plaintiff alleges in its Complaint that Toy has infringed its federally-registered trademark in violation of 15 U.S.C. § 1114(a) and engaged in unfair competition under 15 U.S.C. § 1125(a). ECF 1, 43. These causes of action arise directly from Defendant's purposeful activities directed toward consumers in Virginia and in this District. Moreover, Toy's marketing and sales of infringing and counterfeit merchandise into Virginia harm JLI in Virginia. *See Match.Com*, 2013 WL 428056, at *3, n.6 (holding that "trademark owner is injured in any state where his trademark is infringed.").

Here, JLI is the trademark owner, Toy has injured JLI by marketing, selling, and shipping

counterfeit JLI products into Virginia, thus JLI has been injured in Virginia. *Id*. Moreover, Toy concedes that the infringing activity at issue in this case are her sales of counterfeit products via eBay, but claims in a conclusory manner that these activities were not "directed to Virginia." ECF 136 at 6. To the contrary, Toy's infringing sales of counterfeit JLI products were offered for sale to Virginia consumers, and were shipped and delivered to an address in this District. These actions infringe JLI's trademarks, and harm JLI in Virginia just like the plaintiff in *Match.Com*. 2013 WL 428056, at *3, n.6 (holding that "trademark owner is injured in any state where his trademark is infringed."). Thus, the second prong of the due process personal jurisdiction inquiry is also met.

### (c)   Personal jurisdiction over Toy in Virginia is reasonable

The last step in analyzing personal jurisdiction is considering whether personal jurisdiction "would be constitutionally reasonable." *ALS Scan, Inc.*, 293 F.3d at 712. This Court considers several factors when making this reasonableness determination: "(a) the burden on the defendant, (b) the interests of the forum state, (c) the plaintiff's interest in obtaining relief, (d) the efficient resolution of controversies as between states, and (e) the shared interests of the several states in furthering fundamental substantive social policies." *Jones*, 498 F. Supp. 2d at 830.

Applying these factors to the instant case illustrates that the exercise of personal jurisdiction over Toy is constitutionally reasonable. Toy has not demonstrated that any burden she may face from defending herself in Virginia outweighs the several other factors that favor JLI. First, Virginia has an interest in ensuring that federal trademark and unfair competition laws are enforced to protect its residents. Virginia also has a particular interest in preventing consumer confusion and deception among its residents as a result of trademark infringement and unfair competition by foreign companies.

14

Second, as demonstrated by JLI's preliminary injunction motion, which was granted by this Court, JLI has a great interest in obtaining just and swift relief from Toy's infringement. ECF 44, 58. Toy's trademark infringement has already caused JLI substantial injury to its product identity and the unique value of its trademark as an identifier of source. Indeed, Toy's actions have and are significantly damaging JLI's reputation, goodwill, and sales, as detailed in JLI's Amended Complaint. ECF 43, ¶ 108.

Finally, interstate efficiency and the goal of furthering substantive social policies favor the exercise of jurisdiction in this District. Plaintiff has chosen a forum that it believes can efficiently resolve this case involving numerous Defendants, from across the United States and foreign countries, who are all selling counterfeit JLI products and committing trademark infringement via the internet and targeting consumers in this District. Plaintiff should be entitled to its choice of forum. In cases like these, non-resident defendants, like Toy, should not be allowed to deny a plaintiff its choice of forum based on solely on their state of residency.

For these reasons, Toy's motion to dismiss based on lack of personal jurisdiction should be denied.

## B.    Venue Is Proper In This District

Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because personal jurisdiction over Toy is proper in this District. Moreover, Toy directly targets business activities toward consumers in Virginia, including consumers in this District, through at least Toy's online eBay store. *See* ECF 43, ¶¶ 88-101.

When a defendant challenges proper venue pursuant to Federal Rule of Civil Procedure Rule 12(b)(3), the plaintiff bears the burden of establishing that venue is proper. *Douglas v. D.B. Va., LLC*, No. 4:10CV80, 2010 WL 5572830, at *2–*3 (E.D.Va. Dec. 13, 2010) (citations omitted). But if no evidentiary hearing is held, "the plaintiff need only make a *prima facie*

15

showing of venue." *Mitrano v. Hawes*, 377 F.3d 402, 405 (4th Cir. 2004) (citation omitted). The

Court must still draw all inferences in favor of the plaintiff. *T. & B. Equip. Co., Inc. v. RI, Inc.*,

No. 3:15-CV-337, 2015 WL 5013875, at *2 (E.D. Va. Aug. 24, 2015) (citation omitted).

In her motion to dismiss, Toy unpersuasively claims that venue is improper in this

District, warranting dismissal of this case, because "the relevant sequence of events alleged by

plaintiff begins and ends outside of this district," as if there was no impact in this District. ECF

136 at 8. But this is not true as many of the "events" in the set of Toy's actions are directed to

consumers within this District, and have a pronounced impact on consumers and Plaintiff in this

District. Toy directly targets business activities toward consumers in Virginia, including

consumers in this District, through at least Toy's marketing and selling of counterfeit JLI goods

on her eBay store, which targets consumers in this forum. ECF 43, ¶ 12. Additionally, Toy has

caused Plaintiff substantial injury in Virginia by infringing Plaintiff's trademarks here through

the marketing, advertising, and sales of infringing merchandise targeting consumers in this

District. *Id*. Moreover, Plaintiff confirmed that the counterfeit merchandise offered for sale on

Toy's eBay website is available to be purchased by and shipped to consumers in this District,

and has indeed been shipped into this District. ECF 43, ¶ 12; ECF 9 at 149-150.

Thus, venue is proper in this Court, and Toy's motion to dismiss pursuant to Federal Rule

of Civil Procedure 12(b)(3) should be denied.

### C.   Plaintiff States A Claim On Which Relief May Be Granted Including A Claim For Compensatory Damages

Without citing to any binding authority or the Federal Rules, Toy argues that Plaintiff's

Complaint should be dismissed because "plaintiff has not identified any specific loss or injury

actually incurred by plaintiff such that plaintiff's claim can be viewed as seeking compensatory

damages." ECF 136 at 9. To the contrary, Plaintiff alleges in its Complaint that Toy has

infringed JLI's federally-registered trademarks in violation of 15 U.S.C. § 1114(a) and engaged in unfair competition under 15 U.S.C. § 1125(a). ECF 1, 43. In its claim against Toy for Trademark Infringement and Counterfeiting (Count I), JLI alleges that "injuries and damages sustained by JLI have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of Counterfeit JLI Pods." ECF 43 ¶ 109. Thus, JLI has pled injuries and damages caused by Toy's illegal actions. Additionally, JLI makes detailed claims supported by facts against Toy for False Designation of Origin (Count II), and for Trademark Dilution (Count III), alleging further injuries and damages resulting from Toy's illegal actions. *Id*. at ¶ 110-124.

All three counts are plausible theories and causes of action that seek compensatory damages, including damages in the form of monetary statutory damages. Specifically, JLI seeks relief in the form of "statutory damages for willful trademark counterfeiting pursuant to 15 U.S.C. § 1117(c)(2) of $2,000,000 for each and every use of each of Plaintiff's Trademarks." Thus, the statutory and injunctive relief sought is directly related to Plaintiff's claims.

Because Plaintiff has stated a claim upon which relief may be granted, including relief in the form of monetary compensatory damages, Toy's attempt to "dismiss plaintiffs claim for damages" must also be denied. *See* ECF 136 at 9.

**D.    Transfer Would Be Less Convenient, Against the Interest of Justice, and Would Prejudice Plaintiff**

The federal transfer statute, 28 U.S.C. § 1404(a), provides that: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The "decision whether to transfer an action to another district is committed to the district court's sound discretion." *Koh v. Microtek Int'l, Inc.*, 250 F. Supp. 2d 627, 630 (E.D. Va. 2003) (citing *Southern Ry. Co. v.*

17

*Madden*, 235 F.2d 198, 201 (4th Cir. 1956)). "In considering whether to transfer venue, a district court must make two inquiries: (1) whether the claims might have been brought in the transferee forum, and (2) whether the interest of justice and convenience of the parties and witnesses justify transfer to that forum." *Koh*, 250 F. Supp. 2d at 630. As further detailed below, Toy has failed to meet her burden of showing Texas is a more convenient and less-burdensome forum, and transferring this case is not warranted.

In considering the interest of justice factor, Virginia has an interest in ensuring that federal trademark and unfair competition laws are enforced, as noted above. Virginia also has a particular interest in preventing consumer confusion and deception among its residents as a result of trademark infringement and unfair competition by foreign companies.[8] Moreover, Toy's sale of counterfeit merchandise into this Judicial District, causing harm in the form of at least trademark infringement and counterfeiting in Virginia to Plaintiff, further supports adjudicating the claim in this District.

As to the convenience of parties and witnesses, Toy "bears the burden of demonstrating that the balance of convenience among the parties and witnesses is ***strongly*** in favor of the forum to which transfer is sought." *Koh*, 250 F. Supp. 2d at 633. Virginia is much more convenient than Texas to Plaintiff, which is why Plaintiff selected the Eastern District of Virginia to bring this suit, in part based on the test purchases made on the internet that were shipped to residential addresses in this Judicial District.

Toy, on the other hand, cannot show that the balance of convenience ***strongly*** favors transfer to Texas over Plaintiff's choice of forum. *See Koh*, 250 F. Supp. 2d at 633. Toy argues

---

[8] As to the first factor, although Defendant resides in Texas, she ignores the fact that her website targets consumers throughout the United States, including Virginia. Plaintiff selected this venue because it is the most convenient and efficient forum to adjudicate the claims at issue, given the large number of Defendants and the related Juul 2 action proceeding here.

that this case should be transferred to the Northern District of Texas, the Judicial District where Toy resides. ECF 136 at 9-10. The sole reason Toy relies on in support of her transfer motion is that venue in this Court is inconvenient because Toy "resides 1200 miles away in Texas." *Id*. at 10. This fact, on its own, is legally insufficient to show that that balance of convenience ***strongly*** favors transfer to Texas over Plaintiff's choice of forum.

Additionally, Toy failed to show that there were key witnesses or specific evidence located in Texas.  Moreover, the location of documents is generally no longer a significant concern in this age when virtually all document production is conducted electronically, particularly in this case, where the claims are based on internet activities. *See Cobalt Boats, LLC v. Sea Ray Boats, Inc.*, No. 2:15CV21, 2015 WL 1800274, at *4 (E.D. Va. Apr. 16, 2015) (explaining that technology has made the location of documents a *de minimis* factor in the transfer analysis). As explained in JLI's preliminary injunction motion, JLI has a legitimate basis for seeking speedy litigation of this dispute. *See* ECF 44. Transferring this litigation will not serve the interest of justice, and will allow Toy to avoid prompt resolution of this dispute by forcing a new court, governed by different regional Circuit precedent, to analyze the claims brought in this case.

Additionally, transferring this case to a different venue would be inefficient for all parties involved, including Toy. As mentioned above, Toy is also a named defendant in the Juul 2 case, which is based on similar allegations, jurisdictional contacts, and facts to this case except in Juul 2, Toy is using a different alias to conduct business in this forum via eBay. Moreover, the Juul 2 case is proceeding in this District before the same Judge. The fact that Toy is a defendant in two related actions in this District also illustrates Toy's pattern of committing tortious conduct in this District by using multiple online eBay usernames or aliases targeting consumers here. Therefore,

transferring this case would result in expending the resources of two different courts, which are bound by different precedential law. For these reasons, transferring this case would not be in the interest of justice, would be inconvenient to the parties, and would be unduly prejudicial to JLI, who would be forced to litigate the same case in multiple forums.

Finally, Toy's alternative request to transfer this case to the Northern District of California should be denied because Toy has failed to articulate any facts that the balance of convenience **strongly** favors transfer to California. ECF 136 at 10. To the contrary, transfer to Northern California would result in all of the same inconveniences detailed above with the added inconvenience that Toy would also be forced to travel outside of her state of residence. Toy's suggested alternative forum further undercuts her motion. Toy does not claim to have any contacts with California—save committing trademark infringement by selling JLI counterfeit goods to consumers in California—highlighting the fact that Toy is seeking to manipulate the judicial process, introduce delay, and prevent JLI from moving forward with enforcing its intellectual property rights. Indeed, Toy articulates no basis as to why either proposed venue would be more convenient for any of the parties to litigate this case.

Therefore, Toy's motion to transfer should be denied in its entirety.

## V.    CONCLUSION

For the foregoing reasons, the Court should deny Defendant Toy's motion to dismiss or, in the alternative, to transfer venue, in its entirety.

Date:  December 18, 2019                    Respectfully submitted,

                                           /s/ Monica Riva Talley
                                           Monica Riva Talley (VSB No. 41840)
                                           Byron Pickard (VSB No. 47286)
                                           Dennies Varughese, Pharm.D. (*pro hac vice*)
                                           Nirav N. Desai (VSB. No. 72887)
                                           Nicholas J. Nowak (*pro hac vice*)
                                           Daniel S. Block (*pro hac vice*)
                                           STERNE KESSLER GOLDSTEIN & FOX, PLLC
                                           1100 New York Ave., N.W., Suite 600
                                           Washington, DC 20005-3934
                                           Telephone No.: (202) 371-2600
                                           Facsimile No.: (202) 371-2540
                                           mtalley@sternekessler.com
                                           bpickard@sternekessler.com
                                           dvarughe@sternekessler.com
                                           ndesai@sternekessler.com
                                           nnowak@sternekessler.com
                                           dblock@sternekessler.com

                                           *Attorneys for Plaintiff Juul Labs, Inc.*

21