# Exhibit C

UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| JUUL LABS, INC., | § § | |
| Plaintiff, | § § § § § § | |
| v. | § § § § § | Civil Action No. 1:19-cv-00715 |
| THE UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE A,   Defendants. | § § | |

DEFENDANT'S REQUEST FOR ADMISSIONS TO PLAINTIFF

TO: Plaintiff Juul Labs, Inc., by ant through your attorney of record, Monica Riva Talley Sterne Kessler Goldstein & Fox, P.L.L.C., 1100 New York Ave., N.W., Suite 600, Washington, D.C. 20005-3934; mtalley@sternekessler.com

Pursuant to the Federal Rules of Civil Procedure, Defendant in the above-styled cause, requests that Plaintiff Juul Labs, Inc. answer and verify the following Interrogatories in accordance with the instructions and definitions stated below:

INSTRUCTIONS

1. Response Date:  The answers or objections to these request for admissions must be served upon Defendant within thirty-one (31) days after service on Plaintiff.

2. DEFINITIONS

Unless otherwise noted, the following definitions shall be used in answering these Interrogatories:

1. "Document" refers to and includes every writing or record of any type and description that is in your possession, control or custody, including without limitation, correspondence, memoranda, interoffice communications. stenographic or hand written notes, drafts, studies, publications, invoices, ledgers, journals, books, records, accounts, pamphlets, voice recordings, reports, surveys, statistical compilations, work papers, data processing cards, computer tapes or printouts, .or all copies of each which contain any other writing or recordings of any kind which does not appear on the original or on any other copy. To the extent that the information exists within a computer or a computer

DEFENDANT' S REQUEST FOR ADMISSIONS TO PLAINTIFF
PAGE 1

  recorded medium, you are requested to reduce the information to paper copy.

3. "Identify" shall mean:

  a. with respect to individuals: the name, address and telephone number of the individual;
  b. with respect to a corporation or business entity: the name, address and telephone number of the business;
  c. with respect to documents: the type of document, a brief description of the contents of the document, the date of the document, the person to whom the document was sent; and the name; address and telephone number of the present custodian of the document.

4. "Plaintiff" refers to Sibel Toy.

5. "You" or "your" refers to Plaintiff Juul Labs Inc..

CERTIFICATE OF SERVICE

  I do certify that a true and correct copy of the forgoing document was served by electronic means on November _____, 2019 on Plaintiff's attorney of record: Monica Riva Talley, Sterne Kessler Goldstein & Fox, P.L.L.C., 1100 New York Ave., N.W., Suite 600; Washington, D.C. 20005-3934; mtalley@sternekessler.com

                 _____
                 Sibel Toy, Pro Se
                 5007 Falcon Hollow Rd.
                 McKinney, Texas 75072
                 469-955-6282
                 Sibelnyc@gmail.com

REQUEST FOR ADMISSIONS

1. Admit or deny that you do not have a trademark on the merchandise you claim Defendant sold.

2. Admit or deny that you do not possess any documents that show that any merchandise you claim you purchased from Defendant is a trademark infringement.

3. Admit or deny that you do not possess any documents that show that any merchandise you claim you purchased from Defendant is a counterfeit product.

DEFENDANT' S REQUEST FOR ADMISSIONS TO PLAINTIFF
            PAGE 2

4. Admit or deny that you do not possess any documents that show that any merchandise you claim you purchased from Defendant shows a false designation of origin.