# Exhibit D

UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| JUUL LABS, INC., § §<br>Plaintiff, § §<br>§<br>§<br>§<br>§<br>v.  § Civil Action No. 1:19-cv-00715<br>§<br>§<br>§<br>§<br>THE UNINCORPORATED ASSOCIATIONS §<br>IDENTIFIED IN SCHEDULE A,   Defendants. § | | |

DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF

TO: Plaintiff Juul Labs, Inc., by ant through your attorney of record, Monica Riva Talley Sterne Kessler Goldstein & Fox, P.L.L.C., 1100 New York Ave., N.W., Suite 600, Washington, D.C. 20005-3934; mtalley@sternekessler.com

Pursuant to the Federal Rules of Civil Procedure, Defendant in the above-styled cause, requests that Plaintiff Juul Labs, Inc. answer and verify the following Interrogatories in accordance with the instructions and definitions stated below:

INSTRUCTIONS

1. <u>Response Date:</u>  The answers or objections to these Interrogatories must be served upon Defendant within thirty-one (31) days after service on Plaintiff.

2. <u>Supplementation:</u>  These interrogatories require supplementation if you obtain further information between the time the answers are served and the time of trial.

3. <u>Complete Response:</u> The answers to these Interrogatories should be complete and candid. To the extent any information called for by use Interrogatories is unknown to you, so state, and set forth whatever information you have regarding that Interrogatory, If any estimate can reasonably be made, please set forth your best estimate, clearly designated as  such.

4. <u>Privilege:</u>  If you claim that any of the following Interrogatories request information which you believe would be subject to a privilege, state the following (1) information or material responsive to the request which has been withheld, (2) the request to which the information or material relates; and (3) the privilege or privileges asserted. See Tex. R.

DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF
PAGE 1

Civ. P. 193.3(a).

## DEFINITIONS

Unless otherwise noted, the following definitions shall be used in answering these Interrogatories:

1. "Document" refers to and includes every writing or record of any type and description that is in your possession, control or custody, including without limitation, correspondence, memoranda, interoffice communications. stenographic or hand written notes, drafts, studies, publications, invoices, ledgers, journals, books, records, accounts, pamphlets, voice recordings, reports, surveys, statistical compilations, work papers, data processing cards, computer tapes or printouts, .or all copies of each which contain any other writing or recordings of any kind which does not appear on the original or on any other copy. To the extent that the information exists within a computer or a computer recorded medium, you are requested to reduce the information to paper copy.

2. "Identify" shall mean:

    a. with respect to individuals: the name, address and telephone number of the individual;
    b. with respect to a corporation or business entity: the name, address and telephone number of the business;
    c. with respect to documents: the type of document, a brief description of the contents of the document, the date of the document, the person to whom the document was sent; and the name; address and telephone number of the present custodian of the document.

3. "Plaintiff" refers to Sibel Toy.

4. "You" or "your" refers to Plaintiff Juul Labs Inc..

## CERTIFICATE OF SERVICE

I do certify that a true and correct copy of the forgoing document was served by electronic means on November ____, 2019 on Plaintiff's attorney of record: Monica Riva Talley, Sterne Kessler Goldstein & Fox, P.L.L.C., 1100 New York Ave., N.W., Suite 600, Washington, D.C. 20005-3934; mtalley@sternekessler.com

_____
Sibel Toy, Pro Se
5007 Falcon Hollow Rd.
McKinney, Texas 75072
469-955-6282

DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF
PAGE 2

Sibelnyc@gmail.com

## INTERROGATORIES

1. Identify the person(s) answering these Interrogatories?

2. Identify all trademarks that you allege Defendant violated in the allegations in your Complaint?

3. Identify any documents that you possess that show that any merchandise you claim you purchased from Defendant is a trademark infringement?

4. Identify the date you claim you purchased merchandise from Defendant that you claim is counterfeit?

5. Identify any documents that you possess that show that any merchandise you claim you purchased from Defendant is counterfeit?

6. Identify any documents that you possess that show that any merchandise you claim you purchased from Defendant shows a false designation of origin?

7. Identify the specific provisions of the Lanham Act, 15 U.S.C. § 1051 et seq., 28 U.S.C. § 1338(a)-(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1121, that you claim Defendant has violated?

8. Identify the specific provisions of the Lanham Act, 15 U.S.C. § 1051 et seq., 28 U.S.C. § 1338(a)-(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1121, that you claim authorizes the jurisdiction of this case in United States District Court for the Eastern District of Virginia?

_____

STATE OF _____

COUNTY OF _____

BEFORE ME, the undersigned authority, on this day personally appeared _____, known to me to be the person 'whose name is subscribed to the foregoing instrument, and after being by me first duly sworn upon his/her oath deposes and says that he/she represents the Plaintiff in the above-styled and numbered cause; that he/she has read the above answers to interrogatories; and that every statement contained in the answers to

DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF
PAGE 3

interrogatories is within his/her personal knowledge and is true and correct.

_____